A91A0828. MOORE et al. v. HARRIS et al.
(410 SE2d 804)

COOPER, Judge.

This action is an appeal of the trial court's award of attorney fees and expenses of litigation to appellees pursuant to OCGA § 9-15-14.

On May 19, 1986, appellants sued appellees, two lawyers and their law firm, for legal malpractice, asserting that appellees were negligent in rendering improper tax advice in connection with the purchase and sale of a business. Appellees did not represent appellants but represented the other party to the transaction. Appellants' suit was voluntarily dismissed without prejudice on May 19, 1986, and a second suit against appellees was filed on November 4, 1987. Summary judgment was granted to appellees in the second suit, and this court affirmed the judgment. *Moore v. Harris*, 188 Ga. App. 251 (372 SE2d 654) (1988). Subsequently, appellees filed an action against appellants to recover attorney fees and expenses of litigation pursuant to OCGA § 9-15-14 (a). After a hearing before the trial court, a judgment was entered for appellees in the amount of $20,766.90. This

amount included certain fees and expenses incurred in the defense of the first suit as well as all the fees and expenses from the second suit. The award also included an amount representing the professional time expended by the appellees in the defense of the lawsuits. The appellees, although attorneys themselves, did engage separate lawyers to represent them and also relied on the attorneys for their malpractice insurer to handle many aspects of the case. The fees of these other attorneys were also included in the award.

1. We will first consider appellants' contention that the trial court erred in ruling that OCGA § 9-15-14 was applicable to appellants' conduct in the malpractice suits. Appellees based their motion for attorney fees on OCGA § 9-15-14 (a) which mandates an award to "any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." "The standard of review for this section is the 'any evidence' rule." *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4c) (360 SE2d 566) (1987). A review of the entire record in this case convinces us that David Harris ("Harris"), the appellee attorney involved in the purchase and sale transaction, clearly told appellants that he was representing only the other party to the transaction and was not representing appellants. Furthermore, the record also establishes that Harris had no reason to suspect that appellants would be relying upon him for tax advice or that his actions would facilitate appellants' decision not to seek independent legal advice. In fact, Harris questioned appellants about their representation to which they responded that they had a lawyer in Iowa. Additionally, the documentation signed by appellants contained clear and unambiguous language acknowledging that Harris was not acting as appellants' tax advisor and that appellants had not relied on any such advice from him. All these facts surrounding the interchange between appellants and appellees were contained in the discovery conducted in connection with the first suit which was in the possession of appellants at the time the second suit was filed.

"[N]otwithstanding the 'any evidence' standard of review. . ., when considering an appeal from an award of attorney fees made under OCGA § 9-15-14 (a), we must determine whether the claim asserted below either had some factual merit or presented a justiciable issue of law." *Rolleston v. Huie*, 198 Ga. App. 49, 53 (400 SE2d 349) (1990) (Sognier, J., concurring specially). Despite appellants' reliance on the voluntary agency theory of liability, we conclude that there was no factual or legal basis on which to bring the legal malpractice suit. The facts known to appellants prior to bringing the second lawsuit showed that there was neither an attorney-client relationship nor

a voluntary agency at work. "[W]hile we have no reason to doubt that [appellants' counsel's] pursuance of the [malpractice] action [was] characterized by good faith in a subjective sense, we are left at the end with nothing which could be said to establish as a matter of law a reasonable or substantial justification for [appellants'] claims." *Ferguson v. City of Doraville*, 186 Ga. App. 430, 437 (2) (c) (367 SE2d 551) (1988), overruled on other grounds, *Vogtle v. Coleman*, 259 Ga. 115, 119, n. 8 (376 SE2d 861) (1989). "Because there was no basis for the action against [appellees], and because the appellant[s] could have made this determination with a minimum amount of diligence," we affirm the trial court's decision that OCGA § 9-15-14 (a) warranted an attorney fee award. *Stancil v. Gwinnett County*, 259 Ga. 507, 509 (1) (384 SE2d 666) (1989). Appellants' enumeration is without merit.

2. Appellants assert that the trial court erred in including in the award attorney fees and expenses relating to the first suit which was filed prior to the effective date of OCGA § 9-15-14. "The Act which promulgated OCGA § 19-15-14 . . . provided that the section would apply 'to actions filed or presented for filing on or after July 1, 1986.' [Cit.] In addition, it was also applicable to 'any action pending on July 1, 1986, with respect to any claim, defense, or other position which is first raised in the action on or after July 1, 1986.' [Cit.]" *Wilson v. Cotton States &c. Ins. Co.*, 183 Ga. App. 353, 356 (358 SE2d 874) (1987). Although the first suit was filed before July 1, 1986, when the second suit was filed all the parties stipulated that the depositions and written discovery materials from the first suit could be used in the second suit "as if such discovery was made in the [second suit]." Since the existing discovery was fully utilized in the second suit per the stipulation, the fees and expenses from the first suit relating to that discovery only were properly included in the award. Appellees submitted documentation verifying the portion of the fees in the first suit which were attributable to the discovery that was used in the second suit. We affirm that part of the award which includes these fees.

3. Appellants also raise as error the inclusion in the award of the appellee attorneys' professional time spent in the defense of the case. The attorneys were not counsel of record but instead they employed independent counsel to represent them and in addition utilized their malpractice insurer's attorneys. The attorneys argue that, because they are attorneys, their participation in their defense went beyond the roles of defendants because they assisted their defense in a legal capacity. Thus, they argue that they should be compensated for the hours of legal expertise they contributed. Appellants contend that appellees are in effect attempting to recover for their lost professional time — time that they could have used to bill other clients — and

therefore appellees are seeking an award of lost income. Although appellees are attorneys, they are in fact the defendants in this case. They did not appear as counsel of record but engaged independent attorneys to represent them. The documentation submitted to support their claim included, for example, the time spent by one of the appellees in giving his own deposition. This was time spent as a defendant, not as an attorney. After reviewing the record, we conclude that the personal time spent by the attorneys in their own defense is not a compensable component in an award of attorney fees. Consequently, we reverse this portion of the award and remand to the trial court to fashion a revised award in accordance with this opinion.

*Judgment affirmed in part; reversed and remanded in part. Birdsong, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 19, 1991.

*Christopher G. Knighton, Scheer & Elsner, Robert A. Elsner*, for appellants.
*David O. Harris*, pro se.