## A98A0626. KINARD v. WORLDCOM, INC.

(500 SE2d 649)

JOHNSON, Judge.

On November 6, 1991, Innova Information Systems ("Innova") granted a stock subscription warrant to Worldcom, Inc., then called ATC, a stockholder in Innova. The warrant gave ATC the right to acquire a certain number of shares of the common stock of Innova for a given period of time on terms specified in the agreement. At that time, William Kinard was CEO of Innova, a company he co-founded. The warrant agreement granted Kinard and his co-founder each "a 25% undivided interest in any net gain derived by ATC from the sale or other disposition by ATC of the Warrant and/or the shares of common stock purchased upon exercise of the Warrant."

In the fall of 1993, Kinard terminated his employment with Innova. On January 31, 1994, Kinard signed a document entitled "Severance and Consulting Agreement," which was retroactive, taking effect September 1, 1993. The severance and consulting agreement contains a mutual release provision as follows: "the Company and Kinard . . . hereby absolutely and forever releases, relieves and discharges the other and, as applicable, each of the other's past, present and future partners, owners, stockholders, predecessors, successors, assigns, heirs, agents, directors, officers, employees, representatives, attorneys, subsidiaries and all other persons, firms and corporations acting by, through or in concert with any of them . . . from any and all . . . contracts, agreements, promises, liabilities . . . of every kind or character whatsoever, whether known or unknown, suspected or unsuspected . . . disclosed or undisclosed" which Kinard may have or claim to have. The release further states that Kinard releases all claims arising out of or connected with any agreements, whether written or oral, between Kinard and each of Innova's affiliates, defined to include stockholders. The severance and consulting agreement also contains a merger clause and a "no reliance on representations" clause. Although Worldcom is not identified by its proper name in the release, there is no dispute that Worldcom was a stockholder in Innova at the time the release was executed.

Subsequently, Kinard sued Worldcom, seeking his share of the net gain. Worldcom moved for summary judgment, contending Kinard's claim is barred by the release Kinard signed when he left his employment with Innova. Kinard argues that the parties never intended to release his claim against Worldcom for 25 percent of the warrant proceeds. Kinard and a witness to the severance negotiations contend that the possibility of releasing this claim was specifically discussed and rejected during the negotiations.

The sole issue before us is whether parol evidence is admissible to show the parties' intent.

It is well established that where the terms of a written release are clear and unambiguous, the court will look to the release alone to find the intention of the parties. *Rice v. Huff*, 221 Ga. App. 592, 593 (1) (472 SE2d 140) (1996). The fact that the scope of the release is broad does not make it ambiguous. Id. We find the terms of the release in question to be clear and unambiguous.

However, Kinard, relying on *Posey v. Med. Center-West*, 257 Ga. 55, 59 (354 SE2d 417) (1987), claims we should nonetheless admit parol evidence to determine the intention of the parties. In *Posey*, the Supreme Court held that when a third party relies upon a release, parol evidence is admissible to show whether the parties to the document intended that third party to be released. Id. at 59. The Supreme Court later expressly modified this ruling: "Only those parties *named* in the release will be discharged by that instrument. By 'named,' we mean being identified either by proper name or such other description as leaves no question of the identity of the party released. This should eliminate the need to inquire as to the intent of the parties to releases executed after the date of this opinion." (Original footnote included in text.) *Lackey v. McDowell*, 262 Ga. 185, 186 (415 SE2d 902) (1992).

Subsequently, this Court barred the use of parol evidence where a party fit within a category of persons included in the release. See *Rice*, supra. In *Rice*, the plaintiff signed a release with her employer which released, among others, her employer and its employees. Id. at 592. We held that the release barred the plaintiff's action for false imprisonment and sexual assault against Huff, who was employed by her employer. While Huff was not a party to the release and was not specifically named in the release, he produced evidence that he was an employee at the time the plaintiff signed the release. Thus, Huff fell under the definition of those persons covered by the release, and we held Huff was sufficiently described in the release. Id. at 593-594 (2).

As with the employee in *Rice*, Worldcom may claim the benefit of the release because, as a stockholder, it falls under the definition of those entities or persons covered by the release. The word "stockholders" leaves no question as to the identity of those released, and there is no dispute that Worldcom was a stockholder on the date Kinard signed the release.

We need not reach the issues of whether *Lackey* overruled *Posey* or whether parol evidence may still be admissible to show the intention of the parties who execute a release against a third party claiming the benefit of the release. In this case, contrary to Kinard's argument, Worldcom is not a third party attempting to avail itself of the benefits of the release, but is a described party within the release.

Since Kinard has pointed to no evidence countering Worldcom's

showing that it is a party covered by the release, and because we find no such evidence, summary judgment in favor of Worldcom was proper. See *Rice*, supra.

*Judgment affirmed. Pope, P. J., and Smith, J., concur. Birdsong, P. J., disqualified.*

DECIDED MARCH 31, 1998 —
RECONSIDERATION DENIED APRIL 16, 1998 —

*Rogers & Hardin, John J. Almond, Dawn M. Diedrich*, for appellant.

*Long, Aldridge & Norman, J. Allen Maines, Eric C. Lang*, for appellee.