A99A2294. HALL v. HALL.
(527 SE2d 288)

BLACKBURN, Presiding Judge.

In this domestic action, Rosalind Hall appeals from the trial court's grant of Woodrow Hall's motion for awards of attorney fees under OCGA § 9-15-14 (a) and (b), contending that the awards were not justified by the evidence. We affirm in part and reverse in part.

Rosalind Hall and Woodrow Hall divorced in January 1990. The divorce decree incorporated a settlement agreement between the parties. It provided for child support and visitation by the father with their disturbed daughter until age 24. Part of that settlement agreement addressed how the Halls would manage their relationship with their then-12-year-old daughter, Danielle, who did not function appropriately for her age. The divorce decree awarded Rosalind Hall sole legal custody of Danielle and awarded Woodrow Hall certain vis-

itation rights. In the ten years since their divorce, the parties' relationship has deteriorated, ultimately resulting in Rosalind Hall seeking a permanent protective order and Woodrow Hall seeking to enforce whatever rights he had under the settlement agreement.

1. As part of a dispute over his visitation rights, Woodrow Hall filed a petition for declaratory judgment asking the court to determine the parties' rights and obligations under the settlement agreement and requesting injunctive relief. In her first assertion of error, Rosalind Hall contends that the trial court erred by awarding attorney fees in the amount of $1,500 to the father, under OCGA § 9-15-14 (a) based upon her filing a motion to dismiss and motion for sanctions in response to the petition for declaratory judgment. We agree that this award of attorney fees was not justified.

Under subsection (a), an award of attorney fees is justified if the trial court determines that a

> party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position.

OCGA § 9-15-14 (a). The standard of review for motions under OCGA § 9-15-14 (a) is the "any evidence" rule. *Moore v. Harris*, 201 Ga. App. 248, 249 (1) (410 SE2d 804) (1991). However,

> [n]otwithstanding the any evidence standard of review, when considering an appeal from an award of attorney fees made under OCGA § 9-15-14 (a), we must determine whether the claim asserted below either had some factual merit or presented a justiciable issue of law.

(Punctuation omitted.) Id. Applying this standard, we find that Rosalind Hall's motion to dismiss had some factual merit and presented a justiciable issue of law.

Rosalind Hall moved to dismiss, with the other counts of Woodrow Hall's petition, Count 1 which asked the court to appoint a guardian ad litem for their adult daughter. The Halls agree that their daughter is developmentally delayed but not incompetent. Although the trial court found that it could appoint a guardian ad litem for the Halls' daughter under either OCGA § 15-11-6 or § 9-11-17 (c), neither of those statutes applies to their daughter.

OCGA § 15-11-6 concerns the appointment of a guardian for a child in juvenile proceedings. OCGA § 9-11-17 (c) concerns the appointment of a guardian ad litem for an infant or incompetent person. Because the Halls' daughter was 21 years old at the time of the

hearing and had not been determined incompetent, she does not fall within either statute. Moreover, the purpose of a guardian ad litem is to represent parties who are under a legal disability, such as minors or incompetents. Even though the trial court has the discretion to appoint a guardian ad litem in some circumstances, it does not generally have the discretion to appoint a guardian ad litem for a competent adult like the Halls' daughter.

Since Rosalind Hall's motion to dismiss asserted an arguably meritorious position, there was not a "complete absence of any justiciable issue of law or fact." The trial court erred in awarding attorney fees under OCGA § 9-15-14 (a).

2. In her second assertion of error, Rosalind Hall contends the trial court improperly awarded attorney fees under OCGA § 9-15-14 (b). This award was based upon Rosalind Hall's resistance to being deposed and her failure to disclose that she had moved to Florida prior to a lengthy hearing in Georgia on Woodrow Hall's petition and her motion for a permanent protective order. The trial court awarded $2,500 in attorney fees for the expenses incurred as a result of the mother's failure to disclose her relocation to Florida and $1,000 for expenses incurred in connection with deposition difficulties under OCGA § 9-15-14 (b). We find this award of attorney fees was proper.

An award of attorney fees is appropriate under OCGA § 9-15-14 (b) if, in the discretion of the trial court,

> an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct, including, but not limited to, abuses of discovery procedures. . . . As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

The standard for review of motions under OCGA § 9-15-14 (b) is the "abuse of discretion" rule. *Cobb County School Dist. v. MAT Factory*, 215 Ga. App. 697, 703 (4) (452 SE2d 140) (1994).

With regard to Rosalind Hall's resistance to being deposed, we cannot say that the trial court abused its discretion based upon the facts before us. Although Rosalind Hall ultimately was deposed in May 1998, her deposition occurred only after five months of repeated attempts to schedule it, including two motions to compel and one consent order in which she agreed to be deposed in January. Rosalind Hall's obstinate refusal to cooperate in scheduling her deposition supports the trial court's award of fees.

Neither can we say the trial court abused its discretion by awarding attorney fees based on Rosalind Hall's failure to timely disclose to the trial court that she and her daughter had relocated out of state and were planning on remaining out of state for at least nine months. This news was disclosed only after the parties and the trial court had spent most of a day attempting to fashion a practical solution to an issue regarding Woodrow Hall's contact with his daughter. Obviously, any solution to that issue would be affected by Rosalind Hall relocating out of state with her daughter.

*Judgment affirmed in part and reversed in part. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 29, 1999.

*Alembik, Fine & Callner, Bruce R. Steinfeld*, for appellant.
*Paula R. Miller*, for appellee.