## A00A0131. KINARD v. WORLDCOM, INC.
### (536 SE2d 536)

POPE, Presiding Judge.

William Kinard appeals a superior court order awarding Worldcom, Inc. $65,150 in attorney fees and expenses. Kinard argues that the trial court misapplied OCGA § 9-15-14 because the underlying action was substantially justified and he presented a justiciable issue of law. We disagree and affirm.

*Kinard v. Worldcom,* 232 Ga. App. 278 (500 SE2d 649) (1998) provides the background to this dispute:

> On November 6, 1991, Innova Information Systems ("Innova") granted a stock subscription warrant to Worldcom, Inc., then called ATC, a stockholder in Innova. The warrant gave ATC the right to acquire a certain number of shares of the common stock of Innova for a given period of time on terms specified in the agreement. At that time, William Kinard was CEO of Innova, a company he co-founded. The warrant agreement granted Kinard and his co-founder each "a 25% undivided interest in any net gain derived by ATC from the sale or other disposition by ATC of the Warrant and/or the shares of common stock purchased upon exercise of the Warrant." In the fall of 1993, Kinard terminated his employment with Innova. On January 31, 1994, Kinard signed a document entitled "Severance and Consulting Agreement," which was retroactive, taking effect September 1, 1993. The severance and consulting agreement contains a mutual release provision as follows: "the Company and Kinard . . . hereby absolutely and forever releases, relieves and discharges the other and, as appli-

---

[8] See generally *Woodard v. State,* supra, 269 Ga. at 324 (4).

cable, each of the other's past, present and future partners, owners, *stockholders,* predecessors, successors, assigns, heirs, agents, directors, officers, employees, representatives, attorneys, subsidiaries and all other persons, firms and corporations acting by, through or in concert with any of them . . . *from any and all . . . contracts, agreements,* promises, liabilities . . . of every kind or character whatsoever, whether known or unknown, suspected or unsuspected . . . disclosed or undisclosed" which Kinard may have or claim to have. The release further ·states that Kinard releases all claims arising out of or connected with any agreements, whether written or oral, between Kinard and each of Innova's affiliates, defined to include stockholders. The severance and consulting agreement also contains a merger clause and a "no reliance on representations" clause. Although Worldcom is not identified by its proper name in the release, there is no dispute that Worldcom was a stockholder in Innova at the time the release was executed. Subsequently, Kinard sued Worldcom, seeking his share of the net gain. Worldcom moved for summary judgment, contending Kinard's claim is barred by the release Kinard signed when he left his employment with Innova. Kinard argues that the parties never intended to release his claim against Worldcom for 25 percent of the warrant proceeds. Kinard and a witness to the severance negotiations contend that the possibility of releasing this claim was specifically discussed and rejected during the negotiations.

(Emphasis supplied.)

This court affirmed the grant of summary judgment to Worldcom because we found that parol evidence was inadmissible to show that the parties' intent differed from the terms of the unambiguous release. *Worldcom,* 232 Ga. App. at 279. Worldcom then asked the trial court for an award of attorney fees under OCGA § 9-15-14 (a) and (b). The trial court found that the intent of the parties to the release, upon which Kinard's only viable argument rested, "was not a justiciable issue under the well-established legal principles governing this action," and granted Worldcom's motion for attorney fees and expenses.

OCGA § 9-15-14 (a) provides that attorney fees shall be awarded:

to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a

court would accept the asserted claim, defense, or other position.

OCGA § 9-15-14 (b) allows the award of attorney fees if the court finds that an attorney or party has brought an action that "lacked substantial justification." "The phrase, 'lacked substantial justification' means substantially frivolous, substantially groundless or substantially vexatious." *Munoz v. American Lawyer Media*, 236 Ga. App. 462, 466 (2) (512 SE2d 347) (1999).

The standard of review for motions under OCGA § 9-15-14 (a) is the "any evidence" rule. *Moore v. Harris*, 201 Ga. App. 248, 249 (1) (410 SE2d 804) (1991). "Notwithstanding the any evidence standard of review, when considering an appeal from an award of attorney fees made under OCGA § 9-15-14 (a), we must determine whether the claim asserted below either had some factual merit or presented a justiciable issue of law." (Punctuation omitted.) *Hall v. Hall*, 241 Ga. App. 690, 691 (1) (527 SE2d 288) (1999). The standard of review for motions under OCGA § 9-15-14 (b) is abuse of discretion. *Cagle v. Davis*, 236 Ga. App. 657, 659 (513 SE2d 16) (1999). However, "[a]s a practical matter, it is difficult to distinguish between these two standards for awarding attorney's fees." *Fulton County Bd. of Tax Assessors v. Boyajian*, 271 Ga. 881 (2) (525 SE2d 687) (2000).

In the underlying action, Kinard could only question the application of the release to Worldcom's stock subscription warrant by introducing evidence that the parties to the release, Kinard and his employer, had not intended that the release apply to the warrant. Kinard maintains that such an inquiry was permissible under *Posey v. Med. Center-West*, 257 Ga. 55, 59 (354 SE2d 417) (1987). But the portion of *Posey* on which Kinard relies was specifically modified by the Supreme Court in *Lackey v. McDowell*, 262 Ga. 185 (415 SE2d 902) (1992), almost two years before he entered into the severance and consulting agreement, and therefore, he had no basis to rely on *Posey*.

In *Posey*, the Supreme Court eliminated the longstanding rule that the release of one joint tortfeasor releases them all. As the Court stated: "A valid release of one tortfeasor from liability for a harm, given by [an] injured person, does not discharge others for the same harm, unless it is agreed that it will discharge them. [Cit.]" *Posey*, 257 Ga. at 59. The effect of the holding was to limit the effect of releases to those the parties intended to release.

The Court went on to hold that parol evidence was allowed to show exactly whom the parties intended to release. Again, in the words of the Supreme Court: "We further add that the intent of the parties to the release regarding its effect may be proven by external evidence as against a third party. One not a party to the release may

not object to the external evidence under the parol evidence rule. [Cit.]" *Posey*, 257 Ga. at 59. The effect of this language allowed introduction of parol evidence against both named and unnamed nonparties to show whether they were covered by the release. One could argue that the ruling relaxed the parol evidence rule by allowing parol evidence even if a release was not ambiguous. Kinard relies on this language as the basis for his argument that parol evidence is always admissible against a nonparty to the release.

But in *Lackey*, the Supreme Court modified this secondary holding by further limiting who is released. The Court held that only nonparties "named" in the agreement are released and that, thenceforth, parties not named in the release would not be discharged: "We take this opportunity to modify *Posey*, so as to provide a clearer rule: Only those parties *named* in the release will be discharged by that instrument." (Emphasis in original.) *Lackey*, 262 Ga. at 186. The Court further clarified: "By 'named,' we mean being identified either by proper name or such other description as leaves no question of the identity of the party released," i.e., the releasee is unambiguously named. Id. at 186, n. 1.

The Court then concluded by pointing out that parol evidence would no longer be necessary in this setting. "This should eliminate the need to inquire as to the intent of the parties to releases executed after the date of this opinion." *Lackey*, 262 Ga. at 186. Thus *Lackey* made plain that the parol evidence rule was intact — such evidence is not allowed where the releasee is unambiguously named.

In this case, as we held in *Worldcom*, the release unambiguously released stockholders, and Worldcom was a stockholder at the time of the release, i.e., it was a named releasee. For these reasons, Kinard had no basis in law to argue that parol evidence could be admitted to show that he did not intend to release Worldcom.

Second, Kinard's actual argument appears to be more limited, thereby making his *Posey* argument even more irrelevant. Kinard specifically argued that he did not intend to release his rights under the warrant agreement, not that he did not intend to release Worldcom. This argument goes to the scope of the release rather than the identity of who was released. *Posey* considered issues pertaining to what parties are released. The parol evidence rule still governs whether evidence is admissible to explain the scope of a release. Here, the agreement unambiguously released all claims of every kind that Kinard had.[1] He had no basis to argue that parol evidence was

---

[1] The trial court also found that the release provision itself, other language of the release extending the release to unknown and unsuspected claims, Kinard's reliance on legal advice regarding the release, and the existence of a merger clause and a no reliance on representations clause demonstrate unquestionably that Kinard's claim was released.

admissible to show otherwise. Thus his reliance on *Posey* was misplaced entirely.

Accordingly, we find that there was evidence to support the trial court's ruling that Kinard failed to present a justiciable issue of law as required by OCGA § 9-15-14 (a) and that the trial court did not abuse its discretion in awarding fees under OCGA § 9-15-14 (b).

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED JUNE 26, 2000.

*Rogers & Hardin, John J. Almond,* for appellant.

*Paul, Hastings, Janofsky & Walker, J. Allen Maines, Eric C. Lang,* for appellee.

