Thaddeus M. TAYLOR, Plaintiff–
Appellant,

v.

WINDSOR LOCKS POLICE DEPART-
MENT, R. Rachele, R.J. Bowen, Town
of Windsor Locks, Defendants,

William Gifford, John Malone, Sandra
Davis, Defendants–Appellees.

No. 02–0100.

United States Court of Appeals,
Second Circuit.

July 22, 2003.

Thaddeus M. Taylor, pro se.

Michael Riley and Joseph M. Buscher, Jr., O'Keefe, Phelan & Jackson, Hartford CT, for Appellee Gifford.

Matthew B. Beizer, Assistant Attorney General for the State of Connecticut, Hartford, CT, for Appellee Davis.

Ann E. Lynch, Assistant Attorney General for the State of Connecticut, Hartford, CT, for Appellee Malone.

Present: WALKER, Chief Judge, CARDAMONE, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Thaddeus M. Taylor, *pro se,* appeals from the May 6, 1999 order of the United States District Court for the District of Connecticut (Dominic Squatrito, *District Judge*) granting defendant-appellee Sandra Davis's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the August 25, 1999 order granting defendant-appellee John Malone's motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), and the September 5, 2000 order (by Thomas P. Smith, *Magistrate Judge*) granting defendant-appellee William Gif-ford summary judgment in his individual capacity. We affirm.

In May 1996, Taylor filed a 42 U.S.C. § 1983 complaint which, as amended in May 1998, alleged that the Town of Windsor Locks, the Windsor Locks Police Department, Chief of Police William Gifford, Detective R. Rachele, Officer Richard Bowen, Assistant Attorney General John Malone, and Assistant Public Defender Sandra Davis, violated his constitutional rights in connection with his 1995 arrest and prosecution for possessing a handgun in a motor vehicle without a permit. The complaint alleged that Malone and the other defendants "knowingly and willfully or with reckless disregard for the truth continuously prosecuted" him after discovering that he possessed a valid local pistol permit. Taylor also claimed that Davis, who represented Taylor until he dismissed her, failed to conduct any investigation into the "false charges" for two years. Finally, Taylor claimed that Chief Gifford failed to properly train and supervise his police officers or investigate previous racial-profiling cases.

In May 1999, the district court granted Davis's Rule 12(b)(6) motion to dismiss, finding that, as a public defender representing an indigent defendant in state criminal proceedings, Davis did not act under color of state law for purposes of § 1983. In August 1999, the district court granted Malone's Rule 12(c) motion for judgment on pleadings. In September 2000, the district court granted summary judgment to Gifford with respect to any claims against him in his individual capacity. The district court found that the remaining claims against all other defendants (including Gifford in his official capacity) should go to trial.

In October 2001, all of the remaining parties agreed to a voluntary dismissal of the action. Taylor signed a release dis-

charging all defendants—including Gifford—from all causes of action, claims and demands whatsoever, especially any claims regarding the 1995 incident. The order of voluntary dismissal was entered on November 7, 2001.

■ On appeal, Taylor challenges the district court's dismissal of his claims against Davis, Malone, and against Gifford in his individual capacity. None of these challenges has merit. First, the district court properly dismissed all claims against Davis because a court-appointed attorney "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding" and therefore, is not subject to § 1983 liability. *Polk County v. Dodson,* 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *accord Rodriguez v. Weprin,* 116 F.3d 62, 65–66 (2d Cir.1997) (it is "well-established" that public defenders do not act under color of state law when performing traditional attorney's functions). Although a public defender may be subject to § 1983 liability if she conspires with state officials to deprive her client of federal rights, *see Tower v. Glover,* 467 U.S. 914, 919–20, 104 S.Ct. 2820, 81 L.Ed.2d 758 (1984), a review of the complaint reveals that Taylor makes no allegations of such a conspiracy, *see Ciambriello v. County of Nassau,* 292 F.3d 307, 325 (2d Cir.2002) (conclusory or general allegations are insufficient to state a claim for conspiracy under § 1983) (citations omitted).

■ Second, because Taylor challenged Malone's conduct with respect to prosecutorial actions taken within the judicial phase of the criminal process, his claims were properly dismissed as barred by absolute immunity. *See Dory v. Ryan,* 25 F.3d 81, 83 (2d Cir.1994). We do not consider Taylor's allegation that Malone was the lead investigator or supervised the investigation because it was not included in his complaint and was raised for the first time on appeal. *See Maska U.S., Inc. v. Kansa Gen. Ins. Co.,* 198 F.3d 74, 79–80 (2d Cir.1999).

■ Finally, because the release discharging claims against Gifford explicitly released Gifford from "all, and all manner of action, causes of action, controversies, ... claims and demands whatsoever in law or in equity, which against [him] he ever had, [or] now has ... especially in connection" with the 1995 arrest, a reasonable reading of the release is that claims against Gifford in his individual capacity are discharged. *Red Ball Interior Demolition Corp., v. Palmadessa,* 173 F.3d 481, 484 (2d Cir.1999) ("If a [settlement agreement] is clear, courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself.") (internal quotations and citations omitted); *cf. Pekarsky v. Ariyoshi,* 695 F.2d 352, 354 (9th Cir.1982) (finding that reference by name only in a release, without specifying one capacity or the other, is most reasonably construed as reference to the defendant in his individual and official capacities).

We have reviewed all of Taylor's other arguments raised on appeal and find them to be without merit.

Accordingly, the judgment of the district court is hereby **AFFIRMED.**