## A03A2302. DOSTER v. BATES.
(596 SE2d 699)

RUFFIN, Presiding Judge.

Faye Doster, as administratrix of Oneida McGuffey's estate, brought suit against Johnny McGuffey's estate to set aside a quit-claim deed Mrs. McGuffey had executed in favor of her husband.[1] The trial court ruled against Doster on motion for summary judgment, and in *Doster v. Bates*, this Court affirmed that ruling.[2] Frances Bates, the executrix of Mr. McGuffey's estate, then moved for assessed attorney fees, which the trial court granted. This appeal ensued. For reasons that follow, we reverse.

The facts of the underlying dispute are fully set forth in this Court's opinion in the previous case.[3] Succinctly stated, the record demonstrates that shortly after Mr. and Mrs. McGuffey married in 1984, Mrs. McGuffey purchased a house, which was deeded solely to her. In the early 1990s, Mrs. McGuffey was diagnosed with early stage Alzheimer's disease. In 1995, she executed a quitclaim deed in favor of Mr. McGuffey, transferring all of her rights and ownership in the house. A few years later, Mr. McGuffey died, and the house passed to his estate.

Doster, who is Mrs. McGuffey's daughter, brought suit as next friend alleging that her mother lacked the mental capacity to execute the quitclaim deed and that it should be set aside. Doster subsequently amended the complaint, adding a claim to set aside title to two automobiles purchased when her mother lacked capacity. In support of her position, Doster tendered transcripts from the depositions of several of Mrs. McGuffey's doctors regarding her dementia and Alzheimer's diagnoses.[4]

Bates moved for summary judgment on behalf of Mr. McGuffey's estate. As the two vehicles were never titled in Mrs. McGuffey's name, the trial court granted summary judgment on this claim, and Doster abandoned any challenge to this ruling on appeal. The trial court also granted summary judgment on the issue of setting aside the quit-claim deed. In its order, the trial court noted that Doster bore the burden of establishing her mother "was *non compos mentis*, that is,

---

[1] Initially, Doster brought suit as next friend, but her mother died while the action was pending and Doster was named administratrix of the estate.

[2] 256 Ga. App. 585 (568 SE2d 736) (2002).

[3] See id.

[4] Doster and her siblings also executed affidavits in which they averred that, by 1993, their mother was not competent. As the affidavits, which were admittedly from lay persons, spoke to the ultimate issue of capacity, this Court concluded that the documents lacked probative value. See id. at 588 (1).

entirely without understanding at the time the deed to the house and lot was executed." Because none of the medical doctors was able to testify as to Mrs. McGuffey's capacity on the date she signed the quitclaim deed, the trial court concluded that Doster failed to provide evidence that Mrs. McGuffey lacked capacity when she signed the deed.

After this Court affirmed the trial court's ruling, the trial court awarded Bates attorney fees pursuant to OCGA § 9-15-14 (a) and (b). Specifically, the trial court found that Doster had

> asserted claims against [Mr. McGuffey's estate] in which there existed a complete absence of any justiciable issue of law and fact, such that it could not be reasonably believed that a court would accept the asserted claim. . . . Furthermore, the Court, utilizing its discretion, finds that [Doster's] action against [Mr. McGuffey's estate] lacked substantial justification, meaning that it was substantially frivolous, substantially groundless and was substantially vexatious to [the estate].

Although Doster instituted the suit solely in her representative capacity, the trial court concluded that she was liable for the fees both as administratrix and individually.[5] Doster appeals, asserting that the trial court erred in so ruling because: (1) the cause of action presented a justiciable issue and was not frivolous; (2) she could not be held personally liable for the attorney fees; and (3) the fee award improperly included the costs incurred during the appeal of the underlying cause of action. For reasons that follow, we agree and reverse.

1. Under the common law, an award of attorney fees is generally not allowed as part of damages.[6] "Since any such statute [awarding attorney fees] is in derogation of common law, . . . it must be strictly construed against the award of such damages."[7] OCGA § 9-15-14 (a) provides, in pertinent part, that an award of attorney fees and expenses of litigation

> shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect

---

[5] Although the trial court indicated that it was holding Doster liable as next friend, it is undisputed that at the time the award was issued, Mrs. McGuffey had died and Doster was proceeding as administratrix of her mother's estate.

[6] See *VSI Enterprises v. Edwards*, 238 Ga. App. 369, 375 (2) (518 SE2d 765) (1999).

[7] Id.

to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position.

We review such award of attorney fees under an "any evidence" standard.[8] "Notwithstanding [this] standard of review, when considering an appeal from an award of attorney fees made under OCGA § 9-15-14 (a), we must determine whether the claim asserted below either had some factual merit or presented a justiciable issue of law."[9]

Here, we cannot say that Doster's claim against Mr. McGuffey's estate was entirely without merit or lacked a justiciable issue. First, we note that although Doster instituted the action as next friend, when Mrs. McGuffey died, she proceeded as administratrix of the estate. And as such, she owed a fiduciary duty to the estate.[10] Thus, she arguably was duty-bound to pursue the cause of action.[11] Secondly, Mrs. McGuffey's Alzheimer's diagnosis raises, at the very least, a question as to her capacity to execute the quitclaim deed. Granted, the standard for setting aside such deed is particularly burdensome.[12] But we note that Doster deposed multiple doctors to prove the Alzheimer's diagnosis, which undermines any inference that she considered the claim frivolous. And, although she was not ultimately successful, it is not inconceivable that given more favorable medical testimony, she could have prevailed. In other words, the cause of action was arguably meritorious, and the trial court erred in awarding fees pursuant to OCGA § 9-15-14 (a).[13]

The trial court also found that Doster's "claim regarding ownership of the two vehicles was even more frivolous," noting that Bates presented evidence that title for the vehicles had always been in Mr. McGuffey's name. The trial court went on to write that, given the evidence, "[h]ow anyone could pursue this claim . . . is beyond the comprehension of this Court." However, it is not inconceivable to this Court that Doster would question whether her mother had financed the purchase of the vehicles as she had financed the purchase of the house. And, as discussed above, Doster had legitimate concerns

---

[8] See *Haggard v. Bd. of Regents &c. of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987).

[9] (Punctuation omitted.) *Moore v. Harris*, 201 Ga. App. 248, 249 (1) (410 SE2d 804) (1991).

[10] See *In the Matter of D. Landrum Harrison*, 255 Ga. 77, 81 (335 SE2d 564) (1985); OCGA § 53-7-1 (a).

[11] See OCGA § 53-7-45 (authorizing personal representatives to pursue claims on behalf of estate).

[12] See *Doster*, supra at 589 ("the appellant still has the burden of showing that her mother was non compos mentis, that is *entirely without understanding* at the time the deed was executed") (punctuation omitted).

[13] See *Hall v. Hall*, 241 Ga. App. 690, 691-692 (1) (527 SE2d 288) (1999).

regarding her mother's capacity. When Doster was confronted with the fact that she could not prevail on this claim, she did not oppose Bates' motion for summary judgment on this issue. Thus, the purpose of summary judgment was served.[14]

It seems that, in this case, the trial court penalized Doster because her claims ultimately lacked merit. This, however, is not the appropriate standard. Rather, we look to see whether the claim either had factual merit or presented a justiciable issue.[15] Given Mrs. McGuffey's Alzheimer's diagnosis and Doster's legitimate concerns regarding her mother's capacity, her claims did not lack merit.[16]

2. Similarly, we find that the trial court abused its discretion in awarding fees pursuant to OCGA § 9-15-14 (b).[17] An award is appropriate under this Code section if the trial court

> finds that an attorney or party brought or defended an action, or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct. . . . As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.[18]

As discussed above, Doster had legitimate concerns regarding her mother's capacity. And there is absolutely no evidence that, in bringing suit, she unnecessarily expanded the proceedings, harassed the defendants, or otherwise engaged in improper conduct.[19] Under these circumstances, we agree with Doster that the trial court abused its discretion in awarding attorney fees under OCGA § 9-15-14 (b).

3. In view of our holding in Divisions 1 and 2, we need not address Doster's remaining enumerations of error.

*Judgment reversed. Smith, C. J., and Miller, J., concur.*

---

[14] See *Pfeiffer v. Ga. Dept. of Transp.*, 275 Ga. 827, 828 (2) (573 SE2d 389) (2002) ("The purpose behind summary judgment is to 'dispose of litigation expeditiously and avoid useless time and expense to go through a jury trial.'").

[15] See *Moore*, supra.

[16] See *Hall*, supra.

[17] See *Haggard*, supra (abuse of discretion standard).

[18] OCGA § 9-15-14 (b).

[19] Compare *Hall*, supra at 692-693 (2) (trial court properly awarded fees under OCGA § 9-15-14 (b) where party failed to disclose that she had moved and resisted being deposed for over five months, which necessitated two motions to compel).

DECIDED MARCH 10, 2004.

*Gordon, Brown & Eberhardt, Gerald W. Brown*, for appellant.
*Benton, Preston & Malcom, Robert M. Malcom*, for appellee.