## A07A0830. UNIFUND FINANCIAL CORPORATION
## v. DONAGHUE.

(653 SE2d 513)

MIKELL, Judge.

UniFund Financial Corporation ("UniFund") appeals the grant of summary judgment to James Donaghue, an attorney, in this action alleging legal malpractice, negligence, conversion, and violation of escrow duties. The action arose out of Donaghue's representation of Michael and Vicki McElroy in the purchase of property in which UniFund held a security interest that was not discovered during a title examination prior to closing, so that UniFund's interest was not satisfied. Because the trial court correctly concluded that a settlement agreement executed by UniFund and the McElroys in a subsequent quiet title action released Donaghue from any claims arising from the transaction, we affirm.

The record shows that Donaghue represented the McElroys in the purchase of a condominium from Michael Hughes.[1] Prior to the closing, Donaghue retained attorney Charles Formaro III[2] to perform a title examination. In so doing, Formaro failed to discover a security deed evidencing UniFund's security interest in the property in the amount of $300,000. The closing was consummated on August 10, 2001, and the net proceeds were disbursed to Hughes. Donaghue was unaware of UniFund's security interest, Hughes did not disclose it, and the debt remained unpaid.

On June 25, 2003, UniFund filed a petition to quiet title and an in rem proceeding against Hughes, the McElroys, the condominium, and others, seeking, inter alia, to restore its security deed to its priority position. In December 2003, UniFund and the McElroys entered into a settlement agreement ("Agreement"). The Agreement contains the following release, which forms the basis for this appeal:

UniFund does hereby release, remise, and forever discharge . . . Michael E. McElroy, Vicki R. McElroy, . . . and their . . . attorneys and their heirs, successors and assigns from any and all claims, demands, actions or causes of action of whatever kind or nature arising from any manner of claim whatsoever from the beginning of the [E]arth to the date of this Settlement Agreement, whether in law or in equity, which arises from or may arise from the subject matter of the

---

[1] The McElroys paid cash for the property; they did not obtain a loan.

[2] Formaro also was named as a defendant in the lawsuit but was dismissed without prejudice.

claims set forth in the UniFund lawsuit and pertaining to the Hughes Security Deed, as well as all claims for attorney's fees.

The Agreement specifies that it does not release any claims that either UniFund or the McElroys have against Hughes, "including but not limited to the claims in" the quiet title action, which was referred to as "the UniFund lawsuit." Furthermore, it states that "UniFund acknowledges that . . . [the McElroys] will pursue their cross-claims against Hughes, who is in default . . . in the UniFund lawsuit." The "Hughes Security Deed" is defined as the deed by which Hughes granted a security interest to UniFund in the property at issue.

UniFund filed the instant legal malpractice action on August 3, 2005. In his answer and in his motion for summary judgment, Donaghue asserted that UniFund's complaint was barred by the release. The trial court agreed and granted summary judgment to Donaghue. In its pronouncements from the bench, the trial court ruled that by releasing the McElroys' "attorneys," UniFund had released Donaghue; that the release covered any and all claims pertaining to the Hughes Security Deed; and that the Agreement was unambiguous, so that the court would not consider parol evidence. The court reasoned that the intent of the Agreement was to settle all claims arising out of the undiscovered UniFund security deed and to release all parties associated with that transaction, with the exception of Hughes. UniFund appeals.

UniFund argues that, because Donaghue was not a party to the quiet title action, did not represent any party in that action, and was not specifically named in the Agreement, the release does not apply to him and does not act as a bar to the instant malpractice action. Alternatively, UniFund contends that use of the word "attorneys" in the release is ambiguous, so that the trial court erred in refusing to consider parol evidence. We disagree.

We are guided in our analysis, in general, by the well-established rules of contract construction. "A release or settlement agreement is a contract subject to construction by the court. It is governed by state law applicable to contracts in general. The cardinal rule of construction is to determine the intention of the parties."[3] "Where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties. Such a contract is the only evidence of what the parties intended and understood by it. Parol evidence is not admissible to contradict or

---

[3] (Footnote omitted.) *Carey v. Houston Oral Surgeons*, 265 Ga. App. 812, 815-816 (1) (595 SE2d 633) (2004).

construe an unambiguous contract."[4] "Parol evidence is only admissible when any ambiguity cannot be resolved through the application of the rules of contract construction . . . and when such unresolved ambiguity must be resolved by a jury as a matter of disputed fact."[5] "The existence or nonexistence of ambiguity in a contract is a question of law for the court."[6]

Second, and more specifically, we are guided by the rulings of our Supreme Court. In *Posey v. Med. Center-West*,[7] the Court eliminated the rule that the release of one joint tortfeasor releases all of them. The Court stated: "A valid release of one tortfeasor from liability for a harm, given by [an] injured person, does not discharge others for the same harm, unless it is agreed that it will discharge them."[8] The holding limited the effect of a release to those whom the parties intended to release.[9] The Court in *Posey* additionally held that parol evidence was admissible to prove "the intent of the parties to the release regarding its effect . . . as against a third party. One not a party to the release may not object to the external evidence under the parol evidence rule."[10] However, this ruling regarding the admissibility of parol evidence was modified by the Court in *Lackey v. McDowell*,[11] which held that "[o]nly those parties *named* in the release will be discharged by that instrument."[12] The Court explained that "[b]y 'named,' we mean being identified either by proper name or such other description as leaves no question of the identity of the party released."[13] The Court concluded: "This should eliminate the need to inquire as to the intent of the parties to releases executed after the date of this opinion."[14] Thus, the Court left intact the rule that parol evidence is not allowed where the discharged party is unambiguously "named" in the release.[15]

---

[4] (Citation, punctuation and footnote omitted.) *Speed v. Muhanna*, 274 Ga. App. 899, 905 (2) (b) (619 SE2d 324) (2005). See OCGA § 13-2-2 (1), which provides: "Parol evidence is inadmissible to add to, take from, or vary a written contract."

[5] (Citations omitted.) *ESI Cos. v. Fulton County*, 271 Ga. App. 181, 185 (1) (c) (609 SE2d 126) (2004).

[6] (Citation omitted.) *Cassville-White Assoc. v. Bartow Assoc.*, 150 Ga. App. 561, 564 (3) (a) (258 SE2d 175) (1979).

[7] 257 Ga. 55 (354 SE2d 417) (1987).

[8] Id. at 59, citing Restatement (Second) of Torts, § 885 (1) (1979).

[9] See *Kinard v. Worldcom*, 244 Ga. App. 614, 616 (536 SE2d 536) (2000) (company covered by release because it fit within category of "stockholder" identified in release).

[10] (Citations omitted.) *Posey*, supra.

[11] 262 Ga. 185 (415 SE2d 902) (1992).

[12] (Footnote omitted; emphasis in original.) Id. at 186.

[13] Id. at 186, n. 3.

[14] Id. at 186.

[15] Id. See also *Kinard*, supra at 617.

Applying the relevant case law and our rules of contract construction, we conclude that Donaghue was "named" in the release within the meaning of *Lackey*. The Agreement expressly released the McElroys' "attorneys." Although Donaghue was not the McElroys' attorney in the quiet title action, it is undisputed that he represented them at the closing which resulted in injury to UniFund — the failure to satisfy its security interest — which led to the quiet title action. There is no ambiguity as to the identity of the party released.[16]

A similar result was reached in *Driscoll v. Schuttler*,[17] a federal district court decision which relied on Georgia contract law.[18] The plaintiffs in *Driscoll* were investors in a failed cattle operation investment scheme which culminated in the arrest of a principal for bribing an IRS agent in an effort to stop an investigation of the investments.[19] In consideration of certain covenants, plaintiffs signed a "Mutual Release Agreement" with two principal entities which expressly released those entities as well as

> their heirs, successors, officers, directors, shareholders, employees, agents, advisors, attorneys, underwriters and their registered representatives from any and all claims arising out of or in any way connected with [plaintiffs'] purchase of . . . cattle from [the entities] and the management thereof.[20]

Plaintiffs subsequently sued the attorneys who represented certain entities involved in the investment scheme, among others, alleging fraud in obtaining the release as well as in obtaining their investments.[21] All defendants moved for summary judgment. In opposition, plaintiffs argued, inter alia, that the language of the releases did not clearly evidence the intent to release any party not specifically named therein, citing *Posey*.[22] The court disagreed, ruling that the language of the release before it was much more comprehensive and explicit than the one in *Posey*, which named "an automobile driver and all other persons, firms, or corporations."[23] In *Driscoll*, the court decided that the language of the release "evidence[d] the intent to release not only the principals or promoters of the investments, but all securities

---

[16] *Lackey*, supra.
[17] 697 FSupp. 1195 (N.D. Ga. 1988).
[18] *Driscoll* was decided after *Posey* but before *Lackey*.
[19] Id. at 1196, 1198.
[20] (Citation omitted.) Id. at 1201.
[21] Id. at 1199.
[22] Id. at 1201.
[23] (Punctuation omitted.) Id. at 1203; see *Posey*, supra at 56.

people ('underwriters and their registered representatives') and all professionals ('agents, advisors, attorneys') involved in the deal."[24] *Driscoll* is thus consistent with *Lackey*, and it supports the decision we reach today. Donaghue was the attorney who represented the McElroys at the closing which generated the claims that led UniFund to file a quiet title action. The Agreement releases the McElroys' attorneys from any and all claims arising out of the subject matter of UniFund lawsuit and pertaining to the Hughes Security Deed. As such, we hold that Donaghue has been unambiguously identified as a released party in the Agreement.

*Keefe v. Northside Hosp.*,[25] cited by UniFund, does not require a different result. In that case, the plaintiff/husband was injured during his admission to the hospital, but the resulting complaint for professional negligence was dismissed after the plaintiffs' attorney failed to file the affidavit required by OCGA § 9-11-9.1.[26] After this Court affirmed the dismissal, the parties entered into settlement negotiations. Two months after the settlement was negotiated, the plaintiffs fired their first attorney and retained new counsel to conclude the settlement and pursue a legal malpractice action against their first attorney.[27] The second attorney drafted a revised release which clarified that the plaintiffs were not releasing any legal malpractice actions against their first attorney. The hospital refused to sign the revised release and stopped payment on the settlement check. The plaintiffs sued the hospital to enforce the original settlement. The trial court granted summary judgment to the hospital and denied the plaintiffs' motion for summary judgment.[28] This Court reversed, holding that the requested changes to the release were immaterial and did not authorize the hospital to rescind the settlement agreement.[29] We reasoned that the first attorney would not have been discharged by the original release because he was not a "named" party in that release within the meaning of *Lackey*. We explained that the release would not have applied to the first attorney because the plaintiffs' claims against him arose out of a different event; namely, his failure to file an OCGA § 9-11-9.1 affidavit.[30] The language of the release is not quoted in the opinion.

The case at bar differs from *Keefe* for the reason that UniFund's claims of legal malpractice, negligence, conversion, and violation of

---

[24] *Driscoll*, supra.
[25] 245 Ga. App. 420 (538 SE2d 61) (2000).
[26] Id. at 421.
[27] Id. at 422.
[28] Id.
[29] Id. at 423.
[30] Id. at 423, n. 1.

escrow duties arise out of the same event as the claims underlying the quiet title action; namely, the failure to satisfy UniFund's security interest at closing. In *Keefe*, there were two distinct events: the plaintiff/husband's injuries and the subsequent failure of the plaintiffs' first attorney to file an expert affidavit with the malpractice complaint. That is not the case here, although UniFund argues that the release does not cover the claims asserted in its complaint against Donaghue. As noted above, the release discharges the McElroys' attorneys, which we have determined includes Donaghue, "from any and all claims, demands, actions or causes of action of whatever kind or nature arising from any manner of claim whatsoever . . . , which arises from or may arise from the subject matter of the claims set forth in the UniFund [l]awsuit and pertaining to the Hughes Security Deed." The "Hughes Security Deed" is defined as the deed by which Hughes granted a security interest to UniFund in the property at issue, and it includes the security interest that remained unsatisfied at the closing because it was not discovered by the title examiner, and Donaghue was not aware of it. By its plain meaning, the release covers the current claims against Donaghue. Further, we note that UniFund could have exempted Donaghue from the scope of the release, just as the parties reserved claims against Hughes.[31] The trial court did not err in granting summary judgment to Donaghue for any reason asserted by UniFund.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 26, 2007.

*Austin & Sparks, John T. Sparks, Sr., Alfred L. Evans III*, for appellant.

*Hawkins & Parnell, Alan F. Herman, Assunta F. Deevey, Charles C. Horton*, for appellee.

---

[31] See generally *Ingram v. Star Touch Communications*, 215 Ga. App. 329, 330 (1) (450 SE2d 334) (1994) (settlement is generally construed as the final disposition of any claim brought by one party against another, unless remaining claims are specifically reserved). Accord *Southern Guaranty Ins. Co. v. Dowse*, 278 Ga. 674, 675 (1), n. 3 (605 SE2d 27) (2004).