Kenneth HAMM, Plaintiff,

v.

**SPALDING COUNTY, et al., Defendants.**

**Civil Action No. 3:10–cv–192–TCB.**

United States District Court,
N.D. Georgia,
Newnan Division.

Jan. 31, 2012.

Nicole Jones, Law Office of Nicole Jones, Douglasville, GA, for Plaintiff.

Jason C. Waymire, Terry Eugene Williams, Williams, Morris & Waymire, LLC, Buford, GA, Nathan D. Cronic, Sr., Willis McKenzie LLP, LaGrange, GA, for Defendants.

## *ORDER*

TIMOTHY C. BATTEN, SR., District Judge.

Before the Court is Defendant Robert E. Hall's motion for summary judgment [63].

## I. Facts [1] and Procedural History

During December 2008, Plaintiff Kenneth Hamm and Michael Williams were inmates at the Spalding County Jail. On December 23, Williams punched Hamm in his right eye.[2] That night and the following day, Hamm received medical treatment for his eye injuries from various employees of Inmate Physician Services, Inc. ("IPS").

IPS has a contract with Defendant Spalding County to provide medical care to the inmates at the jail's medical facility. Hall is the president, sole owner, sole officer and Medical Director of IPS. Hall never provided any medical treatment to Hamm, nor was Hall ever contacted or consulted regarding Hamm. Other EMTs and physician's assistants treated Hamm.

On December 23, 2010, Hamm filed this action, alleging claims against Hall under 42 U.S.C. § 1983 for (1) establishing a policy that permitted the Spalding County Jail medical ward to be understaffed and allowed inmates to routinely wait several days before being seen by a licensed physician; (2) inflicting cruel and unusual punishment upon Hamm in violation of the Eighth Amendment by (a) being deliberately indifferent to Hamm's serious medical needs, (b) refusing to follow IPS's procedures concerning general medical care, outside services and hospital services, (c) failing to have a qualified licensed physician on call or available twenty-four hours a day, seven days a week, (d) failing to have a specific delineated procedure for IPS employees to transfer and admit an inmate to the hospital when an inmate's condition is serious and he is in need of hospitalization, and (e) failing to properly examine, diagnose or monitor Hamm on the date of his accident and the following five days; and (3) violations of the Eighth and Fourteenth Amendments for showing deliberate indifference by allowing Hamm's medical condition to deteriorate, and by failing to provide medical care, diagnosis and treatment. Hamm also asserted state-law claims against Hall for negligence and intentional failure to provide medical care; medical malpractice;

---

1. These are the undisputed facts as set forth in Hall's statement of material facts for which there is no genuine issue to be tried.

2. Hall contends that Williams punched Hamm following an argument; Hamm argues that Williams punched him without provocation.

and violation of ministerial duties. Hamm alleges that as a result of all the Defendants' actions, he suffered pain and suffering, disfigurement, loss of sight in his right eye and other damages. Hamm seeks punitive damages, past and future pain and suffering, and past and future medical expenses.

In his complaint, Hamm also asserted claims against IPS and Deborah Hope.[3] However, on June 16, 2011, Hamm executed a settlement agreement and general release of all claims, agreeing to relinquish all claims against IPS, Hope, and all of IPS's employees, agents, directors, officers and representatives. IPS and Hope then filed notices of their acceptance of offers of judgment on June 1, and the next day the Clerk entered judgment in favor of Hamm and against both of them. Subsequently, Hamm filed a stipulation of dismissal of IPS and Hope, which the Court granted on July 5.

On September 9, Hall filed a motion for summary judgment. In his motion, Hall argues that Hamm's release extinguished all claims against him and that Hamm has failed to produce any evidence to support his various claims against Hall.

## II. Legal Standard

Summary judgment is proper when no genuine issue as to any material fact is present and the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c). The movant carries the initial burden and must show that there is "an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "Only when that burden has been met does the burden shift to

the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). The nonmovant is then required to "go beyond the pleadings" and present competent evidence in the form of affidavits, depositions, admissions, and the like, designating "specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. "The mere existence of a scintilla of evidence" supporting the nonmovant's case is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Resolving all doubts in favor of the nonmoving party, the Court must determine "whether a fairminded jury could return a verdict for the plaintiff upon the evidence presented." *Id.*

## III. Analysis

Hall first argues that the release Hamm executed, which released IPS and its employees of liability, extinguishes all of Hamm's claims against Hall. In response, Hamm argues that the release only applied to claims against Hall in his official, not individual, capacity.

The release states in paragraph 1.1 that Hamm "hereby completely release [sic] and forever discharge [sic] Releasees and Insurer from any and all past, present, and future claims, demands, obligations, actions, causes of action, suits at law or equity...." The "Releasees" are defined as "Deborah Hope and Inmate Physician Services, Inc. and any and all other persons and entities (including employees and agents of such entities) ... with whom any

---

**3.** Additionally, Hamm asserted claims against Spalding County, Jane Does 1–10, John Does 1–10 and Spalding County Sheriff James Stewart in both his professional and individual capacities. Spalding County and Stewart

have filed a motion for summary judgment [68] and a motion to dismiss Stewart in his individual capacity [87], and thus Hamm's claims against them will be discussed in more detail in those forthcoming orders.

of the former have been, are now, or may hereafter be affiliated with or transact business...." Paragraph 1.2 further provides: "The release and discharge shall also apply to Releasees and Insurer, as well as any Releasee's ... directors, officers, stockholders, shareholders, lenders, agents, servants, assigns, representatives, attorneys, employees...." Finally, paragraph 6.0 of the release provides that the instrument is governed by Georgia law.

■ A release or settlement agreement is a contract subject to construction by the Court. *Carey v. Houston Oral Surgeons,* 265 Ga.App. 812, 815–16, 595 S.E.2d 633, 637 (2004). "The cardinal rule of construction is to determine the intention of the parties. But no construction is required or even permissible when the language employed by the parties in the contract is plain, unambiguous, and capable of only one reasonable interpretation." *Darby v. Mathis,* 212 Ga.App. 444, 444, 441 S.E.2d 905, 906 (1994).

The Court must thus determine whether the release unambiguously applies to Hall. In *Lackey v. McDowell,* 262 Ga. 185, 415 S.E.2d 902, 903 (1992), the Georgia Supreme Court set forth the following rule regarding releases of liability of joint tortfeasors: "Only those parties *named* in the release will be discharged by that instrument." In a footnote, the court clarified that "[b]y 'named,' [it meant] being identified either by a proper name or such other description as leaves no question of the identity of the party released." *Id.* at 185, 415 S.E.2d at 903 n. 3. It is uncontested that Hall is an employee of IPS. Thus, Hall was "named" in the release within the meaning of *Lackey.*

This finding is consistent with the Georgia Court of Appeals' decision in *Financial Corp. v. Donaghue,* 288 Ga.App. 81, 84, 653 S.E.2d 513, 516 (2007), where, applying the *Lackey* rule, the court granted summary judgment to the defendant-attorney based on a release executed by the plaintiff in favor of the purchasers of a condominium "and their ... attorneys." Additionally, though not applying *Lackey,* this Court reached a similar result in *Driscoll v. Schuttler,* 697 F.Supp. 1195, 1203 (N.D.Ga. 1988), finding that a release agreement expressly releasing "Lovana Farms, Lovell Cattle company, their successors, officers, directors, shareholders, employers, agents, advisors, attorneys, underwriters, and their registered representatives" unambiguously applied to the defendant-attorneys and "securities people."

Although the waiver implicitly applies to Hall, the Court must still determine whether it relieves him of liability in both his individual and official capacities. Neither *Lackey, Donaghue* or *Driscoll* addressed the capacity issue. Few courts, in fact, have addressed this issue.

In *Taylor v. Windsor Locks Police Dept.,* 71 Fed.Appx. 877, 879 (2d Cir.2003), the Second Circuit found that where the plaintiff had signed a release discharging all defendants from all causes of action, the defendants were discharged from liability in both their official and individual capacities. Similarly, in *Pekarsky v. Ariyoshi,* 695 F.2d 352 (9th Cir.1982), the Ninth Circuit found that where the plaintiff had signed a release discharging defendant-officers of liability, because the plaintiff had sued the defendants in both capacities, the release applied to the officers in their official and individual capacities.

■ Here, as in *Taylor* and *Pekarsky,* Hamm filed suit against Hall in both his official and individual capacities. Under Georgia law, Hamm's release "named" Hall and therefore released him of liability. And according to the reasoning of *Taylor* and *Pekarsky,* which this Court adopts, the release discharges Hall from suit in both his individual and official capacities. Moreover, the release specifical-

ly discharges Hall from "*any* and *all* past, present, and future claims, demands, obligations, actions, *causes of action,*" indicating that it releases Hall from claims in any capacity.

Having found that the release applies to all of Hamm's claims against Hall, the Court need not consider Hall's additional bases for summary judgment.

## IV. Conclusion

For the reasons set forth above, Defendant Robert E. Hall's motion for summary judgment is GRANTED [63].