## A92A2399. GRISWELL et al. v. COUVILLION et al.

(429 SE2d 689)

COOPER, Judge.

In this dispute arising out of an unconsummated real estate transaction, appellants appeal from the trial court's issuance of a writ of fieri facias based on appellants' failure to comply with the terms of a consent judgment previously entered in the case.

Appellees sued appellants for fraud and breach of contract, alleging that appellants purportedly sold them property pursuant to an agreement providing for "owner financing"; that appellants did not have clear and marketable title to the property they sold; and that appellants had outstanding security deeds on the property and were not making timely payments on them, thus rendering the property subject to foreclosure. The parties reached an agreement which was entered as a consent judgment and provided in pertinent part: "[Appellants] shall within 90 days of this date obtain a good and sufficient fee simple title to the house and lot . . . , which may be subject to a security deed or deeds aggregating in amount no more than $42,900.00, with monthly payments thereon no greater than the monthly payments that will be due from [appellees] to [appellants] hereunder. If a party to the current title is deceased or incompetent, this time may be extended.

"Upon clearing of the title, [appellants] shall set a closing and convey the property to [appellees]. . . . In the event [appellants] have not complied with the above within 90 days of the extension provided, [appellees] shall have the judgment of this Court against [appellants] for the sum of $20,000.00, plus costs. (Indentation omitted.)" Appellants were able to obtain a quitclaim deed from a prior joint owner, and the monthly payments on their two outstanding security deeds totaled less than the amount of appellees' payments to appellants on their note. However, by the time of the closing scheduled by appellants, long after the 90 days allowed in the consent judgment had passed, the property still could not be conveyed because one of the security deeds contained a due on sale clause which had not been waived. Thus, appellees sought and received a writ of fieri facias in accordance with the terms of the consent judgment.

1. Appellants first contend that the trial court erred in granting the writ because they had in fact obtained "a good and sufficient fee simple title to the house and lot" when they obtained a quitclaim deed from the prior joint owner, regardless of the due on sale clause in the security deed. This contention is without merit. Although appellants obtained fee simple title to the property by obtaining the quitclaim deed, the title appellants brought to the closing was clearly not "sufficient" because it was not "[a]dequate . . . for [the] end proposed" — conveyance of the property. See Black's Law Dictionary, p.

1285 (5th ed. 1979); see also *Aetna Cas. &c. Co. v. Valdosta Fed. &c. Assn.*, 175 Ga. App. 614 (1) (333 SE2d 849) (1985) (due on sale clauses in real property loan contracts are enforceable). Appellants could not remove the encumbrance and could not sell the property subject to the encumbrance because of the due on sale clause. Accordingly, they were unable to provide good and sufficient title, and appellees were entitled to a judgment against them for $20,000, plus costs.

2. In their second enumeration of error, appellants contend that the trial court erred in using its equitable powers to issue a writ of fieri facias because appellees, having lived on the property for many months without making any payments, came to the court with unclean hands. However, the trial court's determination was a purely legal one involving the interpretation and enforcement of a consent judgment entered upon agreement of the parties. Thus, this enumeration of error is also without merit.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 3, 1993 —
RECONSIDERATION DENIED MARCH 19, 1993 ▮

*Ernest D. Blount, Martin C. Jones*, for appellants.
*Scott Walters, Jr.*, for appellees.