## S93A0646. ELLIS et al. v. JOHNSON.

(435 SE2d 923)

SEARS-COLLINS, Justice.

Appellant Mike Ellis was a losing candidate for Sheriff of Walker County in the November 3, 1992, election, by a vote of 12,359 to 5,412. In the same election, appellant Jim Lilley was a losing candidate for the Walker County Board of Education, by a vote of 7,866 to 7,571. Appellant Dave Walker was a voter in the election. The appellants filed this action against the appellee, Foye Johnson, the Superintendent of Elections for Walker County, contesting the results of the election on the ground there was an error in the counting of votes and that that error would change the result of the election. The winning candidates for the two offices in question exercised their right to participate as defendants. OCGA § 21-2-524 (f).

At the hearing on the contest petition, Ellis testified that the appellants did not contend that the alleged miscounting was the result of any human irregularities. Instead, he testified that they believed that there was a malfunction of the optical scanning machine used by Walker County to count ballots. OCGA § 21-2-365. Ellis testified as to several reasons why the scanner might not have counted properly: the computer chip that is programmed to do the counting might have been improperly programmed; an electrical surge might have damaged the chip; or a speck of dust on the scanner might have caused the scanner to misread the ballots. Ellis testified that he believed the machine had erred in counting because many of the voters in Walker County had contacted him and expressed their disbelief in the election results and because the results did not accord with the results obtained by other Republican candidates in Walker County. Ellis and Lilley both admitted that they did not have any information or knowledge that the tabulating machine had in fact malfunctioned in any way.

At the hearing the appellants contended that OCGA § 21-2-524 (c) entitled them to a recount in the four precincts in which their complaint requested a recount based solely on their belief that an error in counting had occurred. They further contended that if the recount in those precincts changed the result in those precincts, § 21-2-524 (c) then entitled them to a recount in other precincts. The appellees, on the other hand, contended that under OCGA § 21-2-524 (a) (8) the appellants had to offer facts as to why they believed an error in counting had occurred. The trial court ruled in favor of the appellees, holding that the appellants had to have some factual basis, as opposed to what the court found was mere speculation, for believing an error in counting had occurred. The trial court also granted attorney fees to the appellees under OCGA § 9-15-14. The appellants now appeal, contending the trial court misinterpreted § 21-2-524 and

erred in awarding attorney fees. For the reasons that follow, we affirm the trial court's interpretation of § 21-2-524 but reverse the award of attorney fees.

1. OCGA § 21-2-522 (4) specifies that an election may be contested "[f]or any error in counting the votes . . . , if such error would change the result." Section 21-2-524 (a) provides that a petition to contest the result of an election "shall allege . . . (5) each ground of contest . . . and (8) such other facts as are necessary to provide a full, particular, and explicit statement of the cause of contest." Section 21-2-524 (c) provides that

> [w]hen an error in the counting of votes is alleged as a ground of contest, it is sufficient for the contestant to state generally that he believes that error was committed in the counting of the votes cast for the filling of the nomination or office in dispute, or for or against the question in dispute, in one or more specified precincts; and it shall not be necessary for the contestant to offer evidence to substantiate such allegation. If a recount of the votes cast in any precinct or precincts shall change the result in dispute, any aggrieved litigant may require a recount of the votes affecting such result, which were cast in any other precinct or precincts, by amending his pleadings and requesting such relief.

The appellants urge that § 21-2-524 (c) exempts them from the requirement of § 21-2-524 (a) (8) of alleging in their complaint and proving at a hearing the facts necessary to state the cause of the contest. The appellees, on the other hand, contend that § 21-2-524 (c) does not provide such an exemption. The appellants' contention sets up a conflict between §§ 21-2-524 (a) (8) and 21-2-524 (c), as subsection (a) by its terms applies to all contest petitions, regardless of the ground of the contest.

In resolving this disagreement in the meaning of § 21-2-524, our duty is to reconcile, if possible, any potential conflicts between different sections of the same statute, so as to make them consistent and harmonious. *Board of Trustees of Policemen's Pension Fund of Atlanta v. Christy*, 246 Ga. 553, 554-555 (272 SE2d 288) (1980). Moreover, the intent of the legislature in adopting any part of an act must be ascertained from a consideration of the act as a whole. *Ford Motor Co. v. Carter*, 239 Ga. 657, 661 (238 SE2d 361) (1977).

We conclude that § 21-2-524 (a) (8) and § 21-2-524 (c) may be harmonized. First, meaning can be given to § 21-2-524 (c) by construing it as focusing only on the contestant's burden with respect to the ultimate fact of whether an error in counting actually occurred. Subsection (c) relieves a contestant from the burden of alleging and prov-

ing that an actual error in counting occurred, as that burden would be difficult if not impossible to carry without the requested recount. The contestant need only state generally his or her belief that an error did in fact occur. On the other hand, meaning can be given to § 21-2-524 (a) (8), in the context of an alleged error in counting, by construing it to require an underlying factual basis or "cause" that has led the contestant to state generally his or her belief in the ultimate fact that an actual error in counting occurred. Section 21-2-524 (a) (8) prohibits the contestant from merely speculating or guessing as to such a cause. An example of how § 21-2-524 (a) (8) and (c) would work together is as follows: If a contestant is informed that a machine failed one of the tests conducted to verify its accuracy, see OCGA § 21-2-359 (c), and that the cause for the error was not ascertained and corrected, the contestant would have a factual basis or "cause" for believing that an error in counting had occurred. Section 21-2-524 (a) (8) would require the contestant to allege and prove the foregoing factual basis. The contestant, however, would have no proof, and short of a recount would not be able to muster proof, that an actual error in counting occurred. Subsection (c) rescues the contestant by relieving him of proving that fact; instead, he may state generally his or her belief that an actual error occurred.

Moreover, to adopt the appellants' construction of § 21-2-524 (c) would be contrary to the legislative intent as ascertained from the election code as a whole. Of particular importance is that the General Assembly has provided the public with the right to examine tabulating machines, OCGA § 21-2-359 (d), and with the right to observe the tests designed to ensure the accuracy of those machines, § 21-2-359 (c), the actual counting of the ballots, OCGA § 21-2-471 (b), and the computation and canvassing of returns, OCGA § 21-2-492. Through these procedures, the General Assembly has expressed an intent that the public inform itself of the accuracy of the voting process. It would be inconsistent with that intent to permit someone to force a recount under § 21-2-524 (c) based on the mere speculative belief that an error in counting occurred.

For the foregoing reasons, we conclude the appellants were required by § 21-2-524 (a) (8) to allege and prove some factual basis or "cause" for their belief that an error in counting occurred. We conclude that they did not carry this burden and affirm the judgment in favor of the appellees.

2. The appellants also contend that the trial court erred in granting attorney fees to the appellees. We agree. The trial court granted attorney fees under § 9-15-14 (a), on the ground the appellants could not "have reasonably believed that there [was] any justiciable issue of law or fact which could have been accepted by any court." However, because the appellants' contest was based on their interpretation of

§ 21-2-524 (c), because that Code section had never been interpreted by any court, and because the language of subsection (c) provided arguable support for the appellants' contention, we conclude the trial court erred in awarding attorney fees under § 9-15-14 (a).

*Judgment affirmed in part and reversed in part. All the Justices concur, except Hunt, P. J., and Benham, J., who concur in the judgment only as to Division 1, and Hunt, P. J., and Fletcher, J., who dissent as to Division 2.*

DECIDED NOVEMBER 8, 1993.

*Christopher A. Townley, Steven M. Ellis,* for appellants.
*Watson & Dana, H. Kimbrell Sawyer III, Womack & Rhyne, Ronald R. Womack,* for appellee.