## A10A1469. GUTIERREZ v. THE STATE.
(702 SE2d 642)

BLACKBURN, Senior Appellate Judge.

Francisco Gutierrez appeals from the denial of his motion to transfer his case to juvenile court, asserting that the trial court erred: (1) in finding that the evidence was sufficient to support his indictment for armed robbery; and (2) in failing to immediately transfer the case to juvenile court for a determination of whether the facts supported a charge of armed robbery. Discerning no error, we affirm.

This appeal presents questions of law, which we review de novo. *Rader v. State*.[1] In conducting that review, however, "we must defer to the trial court's determination on the credibility of witnesses, and [we must accept] the trial court's ruling on disputed facts . . . unless

---

[1] *Rader v. State*, 300 Ga. App. 411, 416 (3) (685 SE2d 405) (2009).

it is clearly erroneous." (Punctuation omitted.) *Garza v. State.*[2]

The record shows that on March 6, 2009, five masked males, including Gutierrez, entered a restaurant through the establishment's back door. The five men were armed with a handgun, an aluminum baseball bat, an Airsoft pistol, a hammer, and a plastic gun. Upon entering, the suspect with the baseball bat began striking the restaurant owner with the bat and demanding money. The owner informed the men that the money was in the restaurant's cash register.

Two of the men, one holding the bat and one holding the handgun, went to the front of the restaurant, where the owner's 11-year-old son and the restaurant's cash register were located. At the evidentiary hearing on the motion to transfer, the owner's son testified that the two intruders attempted to open the cash register drawer and demanded "[m]oney, money." Fearing further injury to her and her son, the restaurant owner told the child to open the cash register and give the men money, so they would leave. The boy complied, opening the drawer and lifting the flap that held the money in place.

An undercover police officer witnessed the incident from outside the restaurant's front window. The officer saw the five men enter the restaurant and saw the suspect with the baseball bat strike the restaurant owner. He further testified that two of the men proceeded to the front of the restaurant, where the officer saw them with the young boy and the cash register. The officer stated that the man armed with the handgun approached the cash register, held the gun in his right hand, and did "something" to the register with his left hand. Specifically, the officer testified that because of a high counter, he could not see either the register's cash drawer or the gunman's left hand. The officer explained: "He [the gunman] appeared to be digging around in the cash register — or doing something with it. I couldn't see what his — what his hand was doing exactly. I was focused on the gun pointed and the direction [of the gun]." Fearing for the safety of the owner and her son, the officer shot at the armed suspect through the front glass window. The officer did not see any money taken from the cash register.

Upon hearing the gunshot, the perpetrators raced out the back entrance, where they encountered officers waiting to arrest them. The cash register drawer remained open until the police reentered the restaurant to investigate the incident. The owner never counted the cash in the register, and both she and her son believed no money was removed. However, in searching the parking lot of the restau-

---

[2] *Garza v. State*, 298 Ga. App. 332, 332 (680 SE2d 175) (2009).

rant where the perpetrators were apprehended, police found both the weapons they used and $35 in cash. The cash was found lying "fairly close" to the weapons, "[i]n the same back parking lot area."

Following his arrest, Gutierrez was indicted in superior court on one count of armed robbery,[3] five counts of aggravated assault with intent to rob,[4] and two counts of possession of a firearm during the commission of a felony.[5] Although Gutierrez was only 16 years old at the time of the alleged crimes, he was indicted in superior court, rather than juvenile court, because the superior court has exclusive jurisdiction over juveniles accused of armed robbery committed with a firearm. OCGA § 15-11-28 (b) (2) (A) (vii). Gutierrez moved to transfer the case to juvenile court, arguing that the conduct alleged in the indictment was insufficient to support the charge of armed robbery. After the evidentiary hearing, the trial court denied that motion but granted a certificate of immediate review, and this Court thereafter granted Gutierrez's application for an interlocutory appeal. This appeal followed.

1. We first address Gutierrez's claim that the trial court erred in denying his transfer motion. For the superior court to assert jurisdiction over this matter, the State was required to present "evidence sufficient to support the allegations [relating to the armed robbery charge] of the indictment." *State v. Watson.*[6] See OCGA § 15-11-28 (b) (2) (A) (vii). Under OCGA § 16-8-41 (a), armed robbery occurs when a person, with the intent to commit theft, "takes property of another from the person or the immediate presence of another by use of an offensive weapon."

In its order, the trial court specifically found that one of the assailants placed his hand in the restaurant's cash register but "that no money was actually physically removed from the cash register." Gutierrez argues that the finding that one of the assailants placed his hand in the register was unsupported by the evidence and that, given the trial court's finding that no money was actually removed from the register, it erred in concluding that a taking had occurred under OCGA § 16-8-41 (a). We disagree.

Georgia law is clear that a taking occurs upon "the slightest change of location [of the property that is the subject of the robbery] whereby [the complete] dominion of the property is (even temporarily) transferred from the victim to the perpetrator." *Dillard v. State.*[7] "It is not required that the property taken be permanently

---

[3] OCGA § 16-8-41 (a).
[4] OCGA § 16-5-21 (a) (1).
[5] OCGA § 16-11-106 (b) (1).
[6] *State v. Watson*, 239 Ga. App. 482, 483 (1) (520 SE2d 911) (1999).
[7] *Dillard v. State*, 223 Ga. App. 405, 407 (4) (477 SE2d 674) (1996).

appropriated. Nor . . . is it required that the defendant physically *touch* the property." (Citation and punctuation omitted; emphasis in original.) *Watson*, supra, 239 Ga. App. at 484 (2). Rather, "when a robber threatens his victim with a firearm, issues a direct order to the victim to place property in a particular location, and the victim complies with the order, the victim has relinquished and the robber has exercised control over the property," and thus a taking has occurred. Id. at 485.

In this case, the son opened the cash register after the perpetrators beat his mother with a baseball bat, threatened the mother and son with guns, and attempted to open the register themselves, all while demanding money. Thus, the armed robbery was completed at the time the son opened the cash register and raised the flap resting on top of the cash, thereby ceding control of the money to the perpetrators. At that point, "the complete dominion of the property [was] transferred from the true owner to the trespasser [and the opening of the register drawer was] sufficient asportation to meet the statutory criterion." (Punctuation omitted.) *Sharp v. State*[8] (sustaining conviction for armed robbery where victim complied with her assailant's demand for her car at gunpoint by pushing back her seat and releasing the steering wheel). See also *Bradley v. State*[9] (holding that an armed robbery occurred where victim was forced to transfer constructive possession of her car to her attackers, noting that "[i]t is of no consequence that she continued as driver because she was compelled at gunpoint to follow her attackers' orders and was not acting freely and voluntarily"); *Watson*, supra, 239 Ga. App. at 484-485 (2) (facts supported an indictment for armed robbery where the victim complied with a demand that he drop his money on the floor, even though the robbers never retrieved the money); *Miller v. State*[10] (sustaining conviction for armed robbery where store employee handed cash drawer to defendant, who immediately dropped same on the floor).

Given that the movement of the cash register drawer was, under the circumstances of this case, sufficient to support an indictment for armed robbery, we need not address Gutierrez's claim that the trial court erred in finding that one of the assailants stuck his hand in the register drawer. As noted above, to prove armed robbery, the State must show only that the defendants exercised dominion over the property moved; it does not require a showing that the defendants actually touched the property. *Watson*, supra, 239 Ga. App. at 484 (2).

---

[8] *Sharp v. State*, 255 Ga. App. 485, 488 (2) (565 SE2d 841) (2002).

[9] *Bradley v. State*, 272 Ga. 740, 743 (2) (533 SE2d 727) (2000).

[10] *Miller v. State*, 223 Ga. App. 453, 453 (1) (477 SE2d 878) (1996).

2. As best we can tell, Gutierrez's final claim of error is that the trial court erred in exercising jurisdiction over this case, even for the purpose of conducting a transfer hearing. Rather, he appears to assert that the superior court should have immediately transferred the case to the juvenile court for a determination of whether the facts supported the indictment for armed robbery. This argument, however, is directly contravened by OCGA § 15-11-28 (b) (2) (B), which provides that "[a]fter indictment, the superior court may *after investigation and for extraordinary cause* transfer [to the juvenile court] any case involving a child 13 to 17 years of age alleged to have committed . . . ," inter alia, armed robbery. (Emphasis supplied.) Thus, "[i]n this case, the superior court correctly inquired into its jurisdiction to try [Gutierrez] after [he] raised the issue by motion." *Watson*, supra, 239 Ga. App. at 484 (1).

Furthermore, once the superior court determined that the facts alleged were sufficient to support the indictment for armed robbery, it lacked the authority to transfer the case to juvenile court. OCGA § 15-11-28 (b) (2) (B) authorizes a superior court to transfer to the juvenile court *only* those offenses "which [are] not punishable by loss of life, imprisonment for life without possibility of parole, or *confinement for life in a penal institution*." (Emphasis supplied.) "Armed robbery[, however,] is punishable by life imprisonment. Because it is not therefore one of the transferable offenses, the trial court was without the authority of OCGA § 15-11-28 (b) (2) (B) to transfer the case from superior court to juvenile court." *State v. Harper*.[11]

*Judgment affirmed. Miller, C. J., and Barnes, P. J., concur.*

DECIDED SEPTEMBER 23, 2010 —
RECONSIDERATION DENIED OCTOBER 7, 2010 — 

*James W. Smith*, for appellant.
*James B. Smith, District Attorney, Deborah S. Wilbanks, Assistant District Attorney*, for appellee.

---

[11] *State v. Harper*, 271 Ga. App. 761, 763 (2) (610 SE2d 699) (2005).