A11A2016. GIBSON CONSTRUCTION COMPANY v. GAA
ACQUISITIONS I, LLC et al.

(725 SE2d 806)

BLACKWELL, Judge.

In *Gibson Constr. Co. v. GAA Acquisitions I, LLC*, 307 Ga. App. 698 (705 SE2d 913) (2011) ("*Gibson I*"), we affirmed an award of summary judgment in this case to GAA Acquisitions I, LLC, and in doing so, we rejected the proposition that an agreement modifying the terms of a deed to secure debt always must be recorded. 307 Ga. App. at 700-701. That proposition had been urged upon us by Gibson Construction Company, and it was an essential premise of the claims that Gibson Construction asserted against GAA Acquisitions. Following our decision in *Gibson I*, the court below awarded attorney fees to GAA Acquisitions under OCGA § 9-15-14 (a), concluding that the proposition urged by Gibson Construction was so clearly without merit that no one reasonably might have believed that a court would accept it. Gibson Construction now appeals from the award of attorney fees,[1] and we reverse.

The facts of the underlying dispute are set out at length in our opinion in *Gibson I*, 307 Ga. App. at 698-699, and we will not repeat here everything that we said before. It is enough to note that GAA Acquisitions had a security deed to certain real property in Fulton County, that Gibson Construction had a special lien upon the same real property, that the security deed was superior to the lien, and that GAA Acquisitions foreclosed upon the security deed. Whether the special lien was extinguished by the foreclosure depended on whether the proceeds of the foreclosure exceeded the indebtedness secured by the deed. GAA Acquisitions said that they did not, and it pointed to the terms of an agreement modifying the original security deed in support of its valuation of the indebtedness secured. Gibson Construction said, however, that the indebtedness secured had to be valued under the terms of the original security deed because the agreement that modified it never had been recorded. GAA Acquisitions responded that the law does not require the recording of an agreement that modifies a security deed. Gibson Construction sued

---

[1] An appeal from an award of attorney fees under OCGA § 9-15-14 must be taken by application for discretionary review. See OCGA § 5-6-35 (a) (10). Gibson Construction timely filed such an application, and we granted it.

GAA Acquisitions, and GAA Acquisitions moved for summary judgment, squarely presenting the court below with the competing arguments about whether an agreement modifying a security deed must be recorded. The court below agreed with GAA Acquisitions, and when Gibson Construction appealed, so did we. See id. at 699-701.

After we issued our decision in *Gibson I*, the court below awarded attorney fees under OCGA § 9-15-14 (a), which absolutely requires such an award in any civil case in which a party has pressed an argument so clearly without merit that no one reasonably might think a court would accept it:

> In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation shall be awarded to any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.

OCGA § 9-15-14 (a). In its consideration of the question of attorney fees, the court below pointed first to our decision in *Aetna Casualty & Surety Co. v. Valdosta Fed. Savings & Loan Assn.*, 175 Ga. App. 614 (333 SE2d 849) (1985), which makes clear, the court said, that an agreement modifying a security deed is not itself a security deed. The court reasoned that, although a security deed must be recorded, see OCGA § 44-14-63 (a), it does not follow in light of *Aetna* that an agreement modifying a security deed also must be recorded. So, the court found, to make out a colorable claim, Gibson Construction had to point to some statute, case, or other authority specifically dealing with an agreement modifying a security deed and suggesting that it must be recorded. Because Gibson Construction failed to do so, the court concluded, an award of attorney fees was required.

Generally speaking, when we review an award of attorney fees under OCGA § 9-15-14 (a), we do so under the "any evidence" standard, a standard that ordinarily is marked by deference to the way in which the court below assessed the relevant evidence. See *Citizens & Southern Trust Co. v. Trust Co. Bank*, 262 Ga. 345, 345 (417 SE2d 148) (1992); see also *Haggard v. Bd. of Regents of the Univ. System of Ga.*, 257 Ga. 524, 527 (4) (c) (360 SE2d 566) (1987).

That said, whether attorney fees are required under OCGA § 9-15-14 (a) depends in some cases not so much upon an assessment of what we usually mean when we speak of "evidence" — testimony and exhibits and the like — but upon an assessment of the state of the law at the time a party advanced a legal argument that, another party now contends, forms the basis for an award of attorney fees. Such an assessment of the state of the law, we think, itself presents a question of law, and we usually do not defer to trial courts about pure questions of law. See, e.g., *Gutierrez v. State*, 306 Ga. App. 371, 371 (702 SE2d 642) (2010) ("This appeal presents questions of law, which we review de novo."). This seems to be a case in which an assessment of the state of the law at the time Gibson Construction asserted its claims against GAA Acquisitions is mostly dispositive. So, although we apply the "any evidence" standard of review in this case, to the extent that the "evidence" relevant to the question of attorney fees consists of the state of the law, we make our own assessment of that "evidence" and decide for ourselves "whether the claim asserted below . . . presented a justiciable issue of law."[2] *Doster v. Bates*, 266 Ga. App. 194, 196 (1) (596 SE2d 699) (2004); see also *Hall v. Hall*, 241 Ga. App. 690, 691 (1) (527 SE2d 288) (1999).

When we decided in *Gibson I* that an agreement modifying a security deed need not be recorded, we decided an issue of first impression. No Georgia appellate court previously had considered, at least in a published opinion, whether the statutes that require the recording of a security deed[3] also require the recording of an agreement modifying a security deed. The statutes themselves do not speak explicitly to this question. Our decision in *Aetna* does not resolve the question because it involved whether a loan modification agreement was a novation of an earlier loan agreement, thereby depriving an earlier-recorded security deed of priority, and *Aetna* had nothing to do with whether such a modification must be recorded. See 175 Ga. App. at 617 (2). Even a preeminent treatise on Georgia real estate law, upon which we relied in *Aetna*, then had nothing to say about whether an agreement modifying a security deed must be

---

[2] This approach is, we think, consistent with the approach of our Supreme Court in cases in which it has assessed the state of the relevant law in considering an award of attorney fees under OCGA § 9-15-14 (a), cases in which the Supreme Court does not appear to have deferred to any assessment of the state of the law by the trial court. See, e.g., *Ellis v. Johnson*, 263 Ga. 514, 516-517 (2) (435 SE2d 923) (1993).

[3] See, e.g., OCGA § 44-2-1 ("Every deed conveying lands shall be recorded . . . ."); OCGA § 44-2-2 (b) ("Deeds, mortgages, and liens of all kinds which are required by law to be recorded . . . and which are against the interests of third parties who have acquired a transfer or lien binding the same property and who are acting in good faith and without notice shall take effect only from the time they are filed for record . . . ."); OCGA § 44-14-63 (a) ("Every deed to secure debt shall be recorded . . . .").

recorded. See Pindar's Ga. Real Estate Law & Procedure, § 21-44 (6th ed. 2004).

It is true that Gibson Construction failed to cite any convincing "authority for the proposition that a loan modification agreement is not valid or enforceable unless it is recorded," as we found in *Gibson I*. 307 Ga. App. at 700-701. But Gibson Construction did rely in this case upon *Reidling v. Holcomb*, 225 Ga. App. 229, 230-231 (1) (483 SE2d 624) (1997), where we addressed the purpose of the recording statutes and explained that "[i]t is by [these statutes] made the plain duty of a grantee to record his deed, thereby giving constructive notice to every one of its existence *and of his rights thereunder.*" (Citation and punctuation omitted; emphasis supplied.) In the absence of precedents to the contrary, a reasonable lawyer might have read *Reidling* and inferred that, given the purposes of the recording statutes, perhaps they should be construed to require the recording of an agreement that modifies the terms of a security deed and thereby alters the rights of the lender under the deed. Moreover, in the absence of precedents to the contrary, a reasonable lawyer might have thought that some support for such a requirement could be found in OCGA § 44-2-2 (b), which addresses the need to record deeds and certain other instruments "which are against the interests of third parties who have acquired a transfer or lien binding the same property," reflecting the notice purpose of the recording statutes.

Generally speaking, an award of attorney fees cannot be sustained if it is based on an argument about the meaning of a statute, where the statute does not speak explicitly to the issue at hand, where the statute has not previously been interpreted with respect to that issue, and where some support for the argument can be gleaned from the text or purpose of the statute. See *Fox v. City of Cumming*, 298 Ga. App. 134, 136 (679 SE2d 365) (2009). Although we ultimately were not persuaded by the argument that Gibson Construction made below and in *Gibson I* about whether an agreement modifying a security deed must be recorded, we cannot say that this argument was nonsensical, illogical, foreclosed by existing precedent, or without some arguable support in the case law and statutes. And we must keep in mind that OCGA § 9-15-14 (a) is intended to discourage the bringing of frivolous claims, not the presentation of questions of first impression about which reasonable minds might disagree or the assertion of novel legal theories that find arguable, albeit limited, support in the existing case law and statutes. See OCGA § 9-15-14 (c) (attorney fees not to be assessed for "a good faith attempt to establish a new theory of law in Georgia if such new theory of law is based on some recognized precedential or persuasive

authority"). In light of these considerations, we conclude that the trial court erred when it awarded attorney fees under OCGA § 9-15-14 (a), and for that reason, we reverse the judgment below. See *Ellis v. Johnson*, 263 Ga. 514, 516-517 (2) (435 SE2d 923) (1993).

*Judgment reversed. Barnes, P. J., and Adams, J., concur.*

DECIDED MARCH 9, 2012.

*Andrew R. Diamond*, for appellant.

*Schulten, Ward & Turner, Kevin L. Ward, Jill D. Prussack, Joseph L. Kelly, James Bates, Michael A. Dunn*, for appellees.