**SECOND DIVISION
MILLER, P. J.,
BROWN and GOSS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**March 7, 2019**

# In the Court of Appeals of Georgia

A18A1655. HILL v. BURNETT.                                    GS-061

GOSS, Judge.

We granted Susan Hill's application for discretionary review of a trial court order directing her to pay $25,475.87 in attorney fees under OCGA § 9-15-14 (a) to her former same-sex partner, Amy Burnett, after the trial court dismissed Hill's petitions seeking to legitimate and establish parenting time/ visitation and custodial rights to twin girls born to Burnett in 2014.[1] Hill argues that the trial court erred in awarding attorney fees to Burnett. She also contends that to the extent a fee award was warranted, the trial court erred in requiring Hill, rather than her attorney, to pay

---

[1]Although same-sex couples could not marry in Georgia when the twins were born in 2014, the United States Supreme Court legalized same-sex marriage the next year, in *Obergefell v. Hodges*, __ U. S. __ (135 SCt 2584, 192 LE2d 609) (2015). Hill and Burnett did not marry subsequent to *Obergefell*.

the award and in setting a deadline for payment. For the reasons that follow, we affirm the judgment as to the decision to award fees and expenses related to Hill's claim for legitimation. However, we reverse the trial court's decision to award fees and expenses related to Hill's claims for custody and visitation/parenting time. Our reversal is pursuant to OCGA § 9-15-14 (c), based on Hill's citation to recognized authority from other states. We thus vacate the $25,475.87 award, and remand the case for a hearing so that the trial court may determine which portion of the fees and expenses previously awarded relates to the legitimation claim.

OCGA § 9-15-14 (a) provides for reasonable and necessary attorney fees and litigation costs to "any party against whom another party has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position." In general,

> when we review an award of attorney fees under OCGA § 9-15-14 (a), we do so under the "any evidence" standard, a standard that ordinarily is marked by deference to the way in which the court below assessed the relevant evidence. That said, whether attorney fees are required under OCGA § 9-15-14 (a) depends in some cases not so much upon an assessment of what we usually mean when we speak of "evidence" . . . but upon an assessment of the state of the law at the time a party

2

advanced a legal argument[.] . . . Such an assessment of the state of the law, we think, itself presents a question of law, and we usually do not defer to trial courts about pure questions of law. This appeal presents questions of law, which we review de novo. . . . So, although we apply the "any evidence" standard of review in this case, to the extent that the "evidence" relevant to the question of attorney fees consists of the state of the law, we make our own assessment of that "evidence" and decide for ourselves whether the claims asserted below presented a justiciable issue of law.

(Citations and punctuation omitted.) *Gibson Constr. Co. v. GAA Acquisitions I, LLC*, 314 Ga. App. 674, 675-676 (725 SE2d 806) (2012). See id., citing *Ellis v. Johnson*, 263 Ga. 514, 516-517 (2) (435 SE2d 923) (1993) for the proposition that "the Supreme Court does not appear to have deferred to any assessment of the state of the law by the trial court." *Gibson*, 314 Ga. App. at 676, n. 2.

So viewed, the record[2] shows that Hill and Burnett were in a relationship for approximately three years, although they separated and reunited several times. They exchanged rings in 2013 in North Carolina, and in 2013 and 2014, Burnett began trying to get pregnant. The trial court found that both parties contributed to the cost

---

[2] As this case never reached an evidentiary hearing, the record consists of the transcripts of the parties' legal arguments and of the parties' verified petitions and responses.

of the procedures designed to promote pregnancy. The court further found that in 2014, Burnett became pregnant using a procedure she paid for without Hill's contribution. That same year, the two women met with an adoption attorney to discuss Hill's adopting the children, although no adoption occurred. Among other things, Hill participated in birthing classes, was present at the twins' birth, purchased items for the nursery and provided clothing and necessities for the children. The women agreed that Hill would be called "Momma[,]" and Burnett gave Mother's Day cards to Hill. Even when the women's own relationship was in abeyance, Burnett sent Hill photographs of the children and referred to Hill as "Momma."

In June of 2016, however, Burnett and the children moved out of the parties' residence. Later that year, Hill filed suit, seeking legitimation and establishment of custody and parenting rights based on theories of implied contract, promissory estoppel, and constitutional rights. The trial court dismissed Hill's action for lack of standing. Burnett moved for attorney fees, and following a hearing, the trial court found in Burnett's favor. Hill filed the instant appeal regarding the attorney fees award only.

1. Hill argues that the trial court erred in awarding attorney fees because her arguments were made in a good faith attempt to establish a new theory of law in

4

Georgia. We agree in that Hill presented recognized authority from other states as to the claims in which she attempted to establish visitation, parenting time, and custody. We do not agree as to Hill's claim for legitimation.

OCGA § 9-15-14 (c) provides that attorney fees shall not be assessed "as to any claim or defense which the court determines was asserted by said attorney or party in *a good faith attempt* to establish a new theory of law in Georgia *if such new theory of law is based on some recognized* precedential or *persuasive authority*." (Emphasis supplied.) See *Doster v. Bates*, 266 Ga. App. 194, 195 (1) (596 SE2d 699) (2004) (because attorney fee awards are not allowed as part of damages under common law, OCGA § 9-15-14's fee provision must be strictly construed against such an award).

As an initial matter, we find no evidence in the record, nor did the trial court find, that Hill lacked good faith in bringing the action or in her attempt to establish a new theory of law in Georgia. OCGA § 9-15-14 (c). See generally *Sacha v. Coffee Butler Service, Inc.*, 215 Ga. App. 280, 281 (2) (450 SE2d 704) (1994) (finding no evidence of bad faith under OCGA § 9-15-14 (a)).

(a) *Claims for custody and parenting time/visitation*: Hill sought to establish standing and to gain custody and/or parenting time/visitation under various legal theories. A de novo examination of the state of the law at issue here, see *Gibson*

5

*Constr. Co.*, 314 Ga. App. at 676, shows that Hill premised her arguments as to parenting time/visitation and custody on new theories of law based on some recognized persuasive authority. OCGA § 9-15-14 (c). The fact that most of the authorities Hill cited in support of her arguments below are from other jurisdictions does not remove her from the protection of OCGA § 9-15-14 (c). It is well settled that Georgia courts often consider law and decisions from other jurisdictions as persuasive authority. See, e. g., *Glisson v. Coker*, 260 Ga. App. 270, 271 (1) (581 SE2d 303) (2003); *Worley v. Worley*, 161 Ga. App. 44, 45 (5) (288 SE2d 854) (1982). See also *Lane v. K-Mart Corp.*, 190 Ga. App. 113, 115-116 (378 SE2d 136) (1989) (Sognier, J., concurring specially) (noting that OCGA § 9-15-14 (c)'s language about persuasive authority refers to decisions from other jurisdictions).

Hill clearly sought to gain legal recognition of the emotional and psychological bond she developed with the children, and to establish custody and/or parenting time/visitation with the children. In making these arguments, Hill cited to what is clearly recognized persuasive authority from other jurisdictions.[3] The authorities she cited include *In re: Custody of H. S. H. – K. v. Knott*, 193 Wis.2d 649 (533 N.W.2d

---

[3] These included decisions from the highest appellate courts in four other states.

6

419) (1994), one woman's suit seeking visitation of her former same-sex partner's biological child, whom the couple had raised together before separating. Id. at 659-661 (I). In this case, the Supreme Court of Wisconsin established a four-part test for determining whether the petitioner had established that she had a "parent-like relationship with the child[.]" Id. at 658-659 (test requires proof of biological or adoptive parent's consent to petitioner's formation of parent-like relationship with child, and that petitioner lived with child, assumed obligations of parenting, and had enough time to establish bonded parental relationship with child).

Hill cited additional persuasive authority from other jurisdictions which had adopted the Wisconsin test. See, e. g., *V. C. v. M. J. B.*, 163 N. J. 200, 221 (III) (B), 223 and 226 (IV) (748 A2d 539) (2000) (examined other jurisdictions which recognized the psychological parent doctrine, and adopted the four-part test in *H. S. H. – K.*, 193 Wis.2d at 658-659. Hill also cited *Brooke S. B. v. Elizabeth A. C. C.*, 28 N. Y. 3d 1, 27-28 (IV), (V) (61 NE2d 488) (2016) (found that a non-biological, non-adoptive partner would have standing to seek visitation and custody if that partner could show by clear and convincing evidence that the parties had agreed, prior to conception, to raise a child together), and *Bethany v. Jones*, 2011 Ark. 67 (378 SW3d 731, 735, 738-739 (I)) (2011) (found that biological mother's former same-sex

partner stood in loco parentis to the child for visitation purposes, even though the parties never legalized their relationship and had only an oral agreement to raise the child together). Here, the trial court considered the arguments presented and dismissed Hill's case and awarded Burnett attorney fees. Review of the trial court's decision to dismiss Hill's lawsuit is not before this Court. Therefore, this opinion does not review the merits of those arguments, and reviews only the decision as to attorney fees and expenses. As to the attorney fees and expenses awarded in the instant case, "a reasonable lawyer might have read [the cited authority from these other jurisdictions] and inferred that" these authorities offered some support for the claims Hill presented in her quest to establish custody or parenting time/visitation. *Gibson Constr.*, 314 Ga. App. at 677 (reversing grant of attorney fees under OCGA § 9-15-14 (a) even where appellant "failed to cite *any* convincing authority" for the proposition at hand) (citation and punctuation omitted; emphasis supplied).

> [W]e cannot say that this argument was nonsensical, illogical, foreclosed by existing precedent, or without some arguable support . . . [W]e must keep in mind that OCGA § 9-15-14 (a) is intended to discourage the bringing of frivolous claims, not the presentation of questions of first impression about which reasonable minds might disagree or the assertion of novel legal theories that find arguable, albeit limited, support in existing case law . . . [.]

Id.

The trial court, citing *Brooke*, found that "a close reading of the facts" in *Brooke* showed a "distinctly more clear cut showing of intent by the parties to both conceive and raise a child together[,]" than that present between Hill and Burnett. This Court has recognized that OCGA § 9-15-14 (a) is cast in the disjunctive, however, providing for attorney fees only in cases "with respect to which there existed such a complete absence of any justiciable issue of law *or* fact . . . [.]" See *Doster*, 266 Ga. App. at 196 (1) ("we must determine whether the claim asserted below either had some factual merit *or* presented a justiciable issue of law") (punctuation and footnote omitted; emphasis supplied). See also *Lane*, 190 Ga. App. at 115-116 (Sognier, J., concurring specially) ("Because of the casting of the language of section (a) [of OCGA § 9-15-14] in the disjunctive rather than the conjunctive, I read that section to allow attorney fees only when a claim has merit *neither* in fact nor in law") (citations omitted; emphasis in original). In order to avoid paying Burnett's attorney fees, our law does not require that Hill present issues of law and fact sufficient to prevail on her claims, only that she present a justiciable issue that might "reasonably [be] believed that a court would accept[.]" OCGA § 9-15-14 (a). Based on counsel's arguments of appellate case law from other states, the trial

court erred to the extent that it awarded Burnett attorney fees under OCGA § 9-15-14 (a) as to Hill's claims for custody and parenting time/visitation. We thus reverse its order in part.

(b) *Legitimation*. Hill also sought to legitimate the twins. Hill points us to no authority that she cited below, and cites to nothing on appeal, which would qualify as the "recognized precedential or persuasive authority" required by OCGA § 9-15-14 (c) to support a claim for legitimation made by a person who had established no biological or legal connection to the children at issue.[4]

Georgia's legitimation statute, OCGA § 19-7-22 (b) provides, in pertinent part, that "the biological father of a child" may render the relationship legitimate by petitioning the superior court. OCGA § 19-7-22 (a) (1) defines "biological father" as "the male who impregnated the biological mother resulting in the birth of a child." See also OCGA § 19-7-22 (h). Moreover, "only a biological father may bring a

---

[4] Hill points out that she filed a motion to stay based upon a case which was at that time before the Supreme Court of Georgia. See S17A0643. *Faubert-Rocha v. Bautista* (Case dismissed May 31, 2017). She contends that this then-pending matter presented the argument that a "non-biological 'parent' in a same-sex relationship attempted to use Georgia's legitimation statute as grounds for custody and/or visitation." However, a pending appeal does not satisfy OCGA § 9-15-14 (c)'s requirement that, in order to avoid attorney fees, an argument based on a new theory of law must also be "based on some recognized *precedential* or persuasive *authority*." (Emphasis supplied).

10

legitimation action." (Punctuation and footnote omitted.) *Veal v. Veal*, 281 Ga. 128, 129 (636 SE2d 527) (2006). Further, Hill and Burnett never married, so no argument for legitimacy could obtain under OCGA § 19-7-20 (c) (marriage between mother and reputed father of child born out of wedlock, and father's recognition of child as his own, renders child legitimate).

Hill has cited no law from any jurisdiction for the proposition that a person of either gender may petition to legitimate a child absent a biological relationship, and Georgia law makes no provision for such a situation. See OCGA § 9-15-14 (c). Thus, there existed "such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim[.]" OCGA § 9-15-14 (a). Finding no error on this point, we affirm the trial court's award of attorney fees to the extent that the fees awarded were incurred in defending against the legitimation claim.

c. *Attorney fees*. Given our determinations in Division (1) (a) and (b), supra, we vacate the award of attorney fees. We remand this case to the trial court for a hearing to determine the portion of the fees previously awarded which should be allocated to the defense against the legitimation claim, thus establishing the amount of fees and expenses which must be paid to Burnett. "As we have held, in cases

involving OCGA § 9-15-14 (a) or (b), the trial court must limit the fees award to those fees incurred because of the sanctionable conduct. 'Lump sum' or unapportioned attorney fee awards are not permitted in Georgia." (Citation omitted.) *Butler v. Lee*, 336 Ga. App. 102, 106 (2) (783 SE2d 704) (2016) (in child custody and support action involving a same-sex, formerly married couple, appellate court vacated attorney fee award under OCGA § 9-15-14 (b) where award had not been apportioned to include only fees incurred because of sanctionable conduct and order did not articulate why amount awarded was reasonable).[5]

2. Hill also argues that the trial court erred in ordering her, rather than her lawyer, to pay Burnett's attorney fees and expenses.

OCGA § 9-15-14 (a) provides, in pertinent part, that "[a]ttorney's fees and expenses so awarded *shall be assessed against the party asserting the claim . . ., or against that party's attorney, or against both* in such manner as is just." (Emphasis supplied.)

---

[5] At the hearing on Burnett's motion for attorney fees, both sides stipulated that Burnett had been billed and had paid $25,475.87 in attorney fees. On appeal, Hill does not enumerate as error the reasonableness of the fees and expenses, OCGA § 9-15-14 (d), so we do not address the issue here.

As the statute makes plain, the trial court had the authority to assess the fees against Hill, so long as that assessment was just. Here, the trial court found that it "cannot say that *Petitioner* reasonably relied on existing Georgia legal precedent." (Emphasis supplied.) In the context of Hill's legitimation claim, there is evidence to support the trial court's decision, and we find no error. See *Gibson Constr. Co.*, 314 Ga. App. at 675-676.

3. Hill also argues that the trial court erred in setting a deadline by which she was required to pay the attorney fees and expenses, citing OCGA § 9-15-14 (f), which provides that an award of reasonable attorney fees and expenses constitutes a money judgment. Hill cites to no law barring a trial judge from ordering that a money judgment be paid by a certain date. Rather, Hill cites to cases providing that a court cannot use its contempt power to compel compliance with a money judgment. See, e. g., *Sampson v. Cureton*, 343 Ga. App. 466, 472 (2) (2017); *Hill v. Paluzzi*, 261 Ga. App. 123, 126 (2) (581 SE2d 730) (2003). The trial court did not find Hill in contempt. Contempt of court is not at issue here, and these cases have no bearing on the matter before us. We find no error.

*Judgment affirmed in part, reversed in part, award vacated and case remanded with direction. Miller, P. J., and Brown, J., concur.*